In the Matter of LOUIS J. FEINSTEIN, Also Known as LEWIS J. FEINSTEIN, an Attorney, Respondent.

Second Department, November 13, 1931.

*Charles G. Keutgen*, for the motion.

*Benjamin C. Ribman, Edward G. Griffin* and *Carl Sherman*, opposed.

PER CURIAM. Formal charges were preferred against the respondent concerning his acts as an attorney and counselor at law, and were sent for hearings to an official referee.

Without reciting by number the specific charges preferred, we may say, in brief, that it was charged that respondent has repeatedly caused oppressive criminal actions and proceedings to be begun against parties and attorneys opposed to him in civil litigations; that respondent has repeatedly made threats of exposure and public disgrace against other attorneys from ulterior motives and for the purpose of accomplishing various results; that in seeking publicity for himself the respondent made serious charges against attorneys opposed to him in litigation, acting recklessly and without reasonable grounds; that respondent has repeatedly engaged in improperly advertising himself and making derogatory comments concerning other attorneys. Under each of the above-named charges specific instances were given which it is unnecessary to repeat here.

The official referee found that the principal charges were sustained by the proof and that the respondent was guilty of a course of misconduct which brands him as unfit and undesirable to continue as a member of the bar, and recommended disbarment.

In the main we are in accord with the findings. It is evident that respondent is one of those restless egotists who consider their position always right and that of any one holding opposing views wholly wrong. It is, therefore, difficult for him to get along in any spirit of amity with other lawyers. In this case, according to his view, there is not a single instance in which he did a wrongful act or even made a mistake in all that is charged against him. He quotes glibly from the canons of ethics and uses a specious but false philosophy to justify himself. He is a crusader, not for any particular principle, but to make trouble for his fellow lawyers and to benefit himself financially. He seems to think that if any one else commits a wrong he is justified in any means to right it accord- to his own views of justice. In his defense he states again and again that no client complains of having money retained and converted by him — as though that were the only ground for discipline.

Where a member of the bar is charged with delinquencies, as in this case, there is but one course open to him — to come forward frankly and make such truthful explanations as he may, and with

equal frankness admit his mistakes. It does not profit him before this court to rely upon technical defenses or employ sophistry in argument in an attempt to establish a superficial justification.

There is some evidence supporting substantially all of the charges except in certain minor instances. One charge is that he made serious accusations against attorneys opposed to him in litigation, acting recklessly and without reasonable grounds. It appears that on one occasion respondent went into court and during argument made sensational charges that a forged document had been filed. On another, he stated with great vehemence that certain important and material records had been burned. The language was reckless and intemperate, and very likely he should have been reproved by the sitting judge. But an examination of the evidence discloses that he did not make the accusations against any particular individual; so the charge that his attack was against attorneys opposed to him in litigation is not supported by the evidence, except possibly by inference. These acts, however, are illustrative of his general attitude and conduct. Some of the other charges are either not fully sustained or not of sufficient importance to warrant discussion.

The charge numbered " III " relates to acts of the respondent in causing oppressive criminal actions and proceedings to be begun against parties and attorneys opposed to him in civil litigation. In at least four instances the respondent, having claims for clients, proceeded to make criminal charges, generally in connection with a civil action, and to have an attorney or some party arrested; and would then make settlement of the claim and procure the criminal action to be discontinued, or recommend to the magistrate or other official that such action be taken. It is unnecessary to go into the details of these matters. The criminal proceedings were intended to compel payment of a claim of some sort, where respondent was representing the claimant; and the elements of fear and extortion were applied. The general defense is that " there is no statute prohibiting " that kind of procedure; and the respondent seeks to evade responsibility by claiming that he had associated with him an obscure attorney associated with a very prominent legal firm. Whatever may have been the attitude and purpose of the other attorney, the connection of the respondent with the cases and his responsibility for what was done are well established. His conduct was reprehensible and in violation of the ethics and recognized standards of the profession regardless of whether the particular acts of respondent were condemned by any statute.

Therefore, we find that the charges enumerated " III (1), (2), (3), (4) " are sustained; and the remaining charges are formally

dismissed. In thus dismissing the other charges we are not to be understood as approving the respondent's conduct generally in relation thereto. We take the position that the main charge sustained is sufficient; and that the others, under the evidence, would not warrant disciplinary action beyond censure and disapproval. As we have said, they do illustrate in many instances the state of mind of respondent.

We are somewhat perplexed in approaching the question of punishment. It may well be argued that the conclusion of the referee that the respondent be disbarred is sound. But we indulge in the perhaps vain hope that chastening followed by reflection and maturity of mind and thought may be of benefit to respondent and that he may eventually become a useful and respected member of the profession.

Therefore, we determine that the respondent should be suspended as a member of the bar for one year, and for such further period until he shall have been reinstated upon the filing of his application therefor.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, SCUDDER and DAVIS, JJ.

Respondent suspended from the practice of the law for a period of one year.