In the Matter of HAROLD W. FARRELL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 29, 1966.

*Peter J. O'Connor* of counsel (*John G. Bonomi*, attorney), for petitioner.

*Robert E. Goldman* of counsel (*Wiener, Maidman & Goldman*, attorneys), for respondent.

*Per Curiam.* Respondent, in this proceeding pursuant to section 90 of the Judiciary Law, is before the court following hearings on charges before a Referee. He was admitted to the Bar in the First Judicial Department on October 6, 1949.

He has admitted in substance charges that on two separate occasions he paid bribes (or extortions) of $10,000 and $5,000 to a functionary of the State Liquor Authority, who allegedly requested the payments. He made the payments on behalf of clients, in one instance to procure a favorable disposition of

charges against the client and renewal of a liquor license, and in the other to obtain permission for a transfer of ownership of a liquor license. At the time he must have known that his clients were not entitled to the benefits they were requesting of the State agency because of their unsavory background and activities. It is true that after investigation by the District Attorney of the irregularities in the State agency, respondent claims to have co-operated fully in the investigation and at great risk to his safety and his health. For this co-operation he was granted immunity from criminal prosecution by the District Attorney.

Taking all circumstances into account, respondent's conduct demonstrates his utter lack of minimal professional character as well as readiness to commit one of the most serious felonies recognized by the law (*Matter of Lurie,* 263 App. Div. 660; cf. *Matter of Moran,* 259 App. Div. 374). Indeed, had respondent been prosecuted for these crimes, and if they had been established to be bribes rather than extortions, a conviction would have resulted in his automatic disbarment under section 90 of the Judiciary Law (*Matter of Sheinman,* 277 App. Div. 39; *Matter of Oldmixon,* 253 App. Div. 291). The functionary of the State agency to whom respondent made the payments was subsequently indicted.

The Referee summed up the matter well:

'' Without minimizing in the slightest such credit as respondent may deserve for his cooperation with the District Attorney in the S. L. A. investigation — and there is no doubt that it was extensive, whole hearted, self-sacrificing and effective — it should not be overlooked that respondent's participation in the bribery of Locati may not be equated to that of the innocent man who is forced to submit to extortion or else suffer a denial of his right to continue to conduct a legitimate business, in a legitimate way. The evidence here leaves no doubt that throughout the period in which respondent undertook, for a fee, to help his clients retain their licenses, respondent knew that they were not fit, and should not be permitted, to have licenses; that they were underworld characters of such odious reputations that they had had to procure their licenses through false ' fronts ', and that they had used their licenses, and if permitted to retain them would continue to use their licenses, to operate as procurers and panderers. As respondent testified, he had told his clients, after hearing the S. L. A.'s case on its merits, that ' I thought there was no chance of keeping the license.'

'' Whatever excuse or justification there may be for helping an innocent victim of extortion, it would be difficult to find any — particularly for a member of the bar — for acting as the inter-

mediary in the bribery of a venal law enforcement officer to permit criminals to remain free to continue their nefarious activities.''

As to respondent's motivation in co-operating with the authorities the Referee said that it was speculative whether he would have engaged in such co-operation if he had not learned that the investigation had been advised by a client of respondent that he was involved in the two liquor license pay-offs.

In 1959 this court suspended respondent for six months on charges sustained for conversion, neglect, and mismanagement of an estate (8 A D 2d 293).

The report of the Referee should be confirmed and the respondent should be disbarred.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and STEUER, JJ., concur.

Respondent disbarred effective January 30, 1967.