In the Matter of WILLIAM J. O'HARA, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, August 10, 1978

## APPEARANCES OF COUNSEL

*Eileen Courtney* of counsel *(James D. Porter, Jr.,* attorney), for petitioner.

*Henry G. Miller* of counsel *(Clark, Gagliardi & Miller,* attorneys), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Petitioner moves to confirm the Referee's report with respect to a charge of professional misconduct after respondent had been convicted after a guilty plea in the United States District Court for the Sourthern District of New York on a charge that respondent had unlawfully, willfully and knowingly, fraudulently secured and converted $1,033.60 in Social Security payments which had been paid to him as committee for an incompetent after the death of the incompetent, in violation of subdivisions (d) and (e) of section 408 of title 42 of the United States Code. Respondent was sentenced on the guilty plea to pay a fine of $1,000.

Respondent admitted his conviction, but claimed that he did not willingly and knowingly convert the sum which had been paid to him as committee. In mitigation, he asserted that he had been away from his law office on business trips admitting that he had been negligent in the handling of the account and in not exercising direct supervision over the incompetency proceeding, but had made full restitution after formal charges were issued. He relies on the fact that he has been in practice for over 30 years and has never been disciplined, nor have any formal proceedings been instituted against him in his professional capacity. He also points to his substantial earnings from the practice of law during the period 1968 to 1971, concluding that the substantial nature of the earnings refute any charges that he intentionally and knowingly converted Social Security payments which had been made to him as committee.

The Referee found respondent guilty of professional misconduct in violation of section 90 of the Judiciary Law, but concluded that the misconduct occurred as a result of careless

and sloppy office procedure. The conversion of the deceased incompetent's Social Security benefits took place during the period September, 1965 through September, 1967. However, no attempt at restitution was made until after respondent had been indicted in 1971, four years later. The period of time over which the conversion took place and the time that elapsed before restitution was made dispel the notion that this was mere sloppy office procedure or negligence by respondent in administering the incompetency proceeding or in the handling of the incompetent's account, although this may have been a contributing factor.

■ Respondent was plainly derelict in his duty. Although he denies that he willingly and knowingly converted the Social Security benefits which had been paid to him in his representative capacity, he may not relitigate the issue of intent to commit the crime, since that has been resolved for all purposes by his guilty plea in the Federal court. Respondent admits that he should have checked the file more closely. He claims that when his secretary left in 1968 she closed the office file in the matter. However, unexplained is the retention of the benefits paid to respondent in his representative capacity when the proceeding had been marked in his office as a "Closed File", a fact of which respondent must have been aware. His retention of benefits over an extensive two-year period is significant, as is the fact that restitution was not made until four years later, when formal charges were brought. This serves to counter respondent's assertion that this was merely negligence or law office failure for which he would take responsibility. Nor does the extensive nature of respondent's earnings from the practice of law excuse the dereliction in duty in retaining rather than returning such benefits.

■ There is no merit to respondent's assertion that the delay in institution of formal charges against him and the further delay in the conduct of the hearing denied him his right to a speedy trial. Although the Referee correctly concluded that the delay here was inordinate, the rule with respect to a speedy trial applicable in a criminal prosecution does not apply to disciplinary proceedings, which are not criminal in nature *(Matter of Anonymous Attorneys,* 41 NY2d 506).

■ Equally without merit is respondent's contention that this proceeding is barred by laches and by the fact that

respondent has continued to practice law in an exemplary fashion during the seven-year period after entry of his guilty plea. Overlooked is the fact that neither Statute of Limitations nor the doctrine of laches applies to disciplinary proceedings *(Matter of Leonard,* 127 App Div 493, affd 193 NY 655; *Matter of Simpkins,* 169 App Div 632; *Matter of Mix,* 249 App Div 442; *Matter of Kelly,* 23 NY2d 368, 383).

■ Respondent's actions may not be condoned. The facts and circumstances establish more than mere sloppy office work or negligence for which the attorney readily concedes responsibility. That explanation amounts to an admission by respondent that he failed to discharge his duties as committee. Under the circumstances, there is no merit to respondent's suggestion that he has already been sufficiently punished by the disgrace of conviction and by the imposition of the $1,000 fine, in addition to the delay which resulted in these proceedings. Respondent's misconduct concerned a sensitive area of professional responsibility as committee for an incompetent. Under the circumstances, taking into consideration respondent's background, we find that respondent should be and hereby is suspended from the practice of law for a period of one year.

SILVERMAN, J. P., EVANS, FEIN, LANE and SANDLER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective September 11, 1978.