■ In the Matter of NORMAN B. DANNENBERG, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent.—Proceeding, initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents, which revoked petitioner's license to practice medicine. Substantial evidence supports the Board of Regents determination that petitioner, a physician, was guilty of practicing the profession fraudulently (Education Law, § 6509, subd [2]) and of unprofessional conduct (Education Law, § 6509, subd [9]). The record contains evidence from which the board could properly conclude that on three separate occasions within a one-month period, petitioner issued prescriptions in three different fictitious names for tuinal, a controlled substance, to an undercover narcotic investigator without a physical examination, not in good faith and not in the regular course of medical practice. Under these circumstances, the penalty of revocation was predicated upon a rational basis and did not constitute an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Dass v Board of Regents of Univ. of State of N. Y.,* 73 AD2d 997), even though others guilty of such violations may have escaped with lighter penalties *(Matter of Raguseo v Ambach,* 67 AD2d 738, 739, mot for lv to app den 46 NY2d 711). Next, we conclude that petitioner was not deprived of due process by reason of ineffective assistance of counsel and that petitioner has not shown that any delay in instituting this proceeding, if it be a potential bar (see *Matter of Kelly,* 23 NY2d 368, 383; but see *Matter of O'Hara,* 63 AD2d 500, 503), resulted in any prejudice to him. We have examined petitioner's other contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main and Herlihy, JJ., concur.

Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). I would modify the penalty imposed to a one-year suspension in light of petitioner's 50 years of unblemished service as a physician to poor clients. The petitioner was found guilty of writing three illegal prescriptions for sleeping pills. The penalty here is too excessive for the misconduct involved and shocks one's sense of fairness.