(February 11, 1982)

■ In the Matter of CHARLES SHMELZER, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to review a determination of the Commissioner of Education which suspended petitioner's license to practice dentistry. Petitioner was charged with the fraudulent practice of dentistry under subdivision (2) of section 6509 of the Education Law and unprofessional conduct under subdivision (9) of that section. Both charges were premised on allegations that petitioner requested and received payment of $320 from Group Health, Inc. (G.H.I.) for services not actually performed. A hearing panel found him guilty of both charges and the Regents Review Committee accepted the panel's findings but modified the proposed penalty. Respondents accepted the committee's findings and imposed concurrent suspensions of petitioner's license for one year, with execution of the last 10 months stayed, and a three-year period of probation. This CPLR article 78 proceeding was commenced in which petitioner contends that the determination is not supported by substantial evidence, is arbitrary and capricious, and that the discipline imposed is harsh and excessive. The Court of Appeals has made clear that in article 78 proceedings the scope of appellate review is limited to ensuring that the determination before the court is supported by substantial evidence (*Matter of Pell v Board of Educ.*, 34 NY2d 222). Accordingly, it is not the prerogative of a reviewing court to substitute its judgment for that of the agency's determination when the record reasonably supports the agency's conclusion (*Matter of Shephard v Ambach*, 68 AD2d 984). The record here shows that despite having submitted a claim form stating that the services had been completed, petitioner in fact had not inserted the dentures in the patient's mouth. Although substantial services were performed, the issue is whether the services were completed as certified in petitioner's claim, which he concedes was prematurely filed. There is no merit to the contention that petitioner's due process rights were denied by the patient's absence at the hearing. Contrary to petitioner's argument, the actual complainant is not the patient but G.H.I. (see *Matter of Wassermann v Board of Regents*, 11 NY2d 173, cert den 371 US 861), which was "just as much entitled to true medical reports and bills as are the patients" (*id.*, at p 177). Nor was the board bound to credit petitioner's contention that the misrepresentation resulted from negligence, not fraudulent intent (see *Matter of Burns v Board of Regents*, 17 AD2d 1011). The acts involved permit an inference of wrongful behavior (see, e.g., *Matter of Wassermann v Board of Regents, supra*). Finally, we cannot characterize the instant suspension as shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Pietranico v Ambach*, 82 AD2d 625, affd 55 NY2d 861). The modified penalty reflects due consideration of the refund to G.H.I. and the actual treatment by an associate who submitted the claim. In our view, the determination of the commissioner is supported by substantial evidence and should not be disturbed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.