■ In the Matter of ABRAHAM CHAPLAN, Petitioner, v GORDON M. AMBACH, as Commissioner of the Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision [4] of section 6510-a of the Education Law) to review a determination of the Commissioner of Education which revoked petitioner's license to practice medicine. In November, 1977, petitioner entered a plea of guilty in the County of New York to the crime of grand larceny in the second degree which was charged in the first count of a 26-count indictment. His plea was in full satisfaction of the indictment. The first count of the indictment charged petitioner with stealing money from the Division of Medical Payments of the New York City Department of Social Services having an aggregate value of approximately $49,590. In July, 1978, petitioner was convicted in the State of New Jersey of 104 counts of Medicaid fraud. Following hearings, the Commissioner of Education ultimately determined that petitioner was guilty of four specifications, the first of which charged petitioner with professional misconduct by virtue of his being convicted of committing an act constituting a crime under New York State law within the meaning of section 6509 (subd [5], par [a], cl [i]) of the Education Law. The second specification of which he was found guilty charged petitioner with being convicted of committing an act constituting a crime under the law of another jurisdiction which, if committed within this State, would have constituted a crime under New York law pursuant to section 6509 (subd [5], par [a], cl [iii]). The remaining specifications of which petitioner was found guilty charged him with practicing the profession fraudulently within the meaning of subdivision (2) of section 6509 of the Education Law and unprofessional conduct within the meaning of subdivision (9) of section 6509 of the Education Law. Petitioner's license to practice medicine was revoked and this proceeding ensued. Initially, petitioner contends that the finding that he was guilty under the specification charging him with practicing the profession fraudulently is not supported by substantial evidence. The finding that petitioner was guilty under this specification was premised upon his guilt of the charges set forth in the first two specifications. While petitioner does not dispute his guilt under these first two specifications, he argues that such is insufficient to sustain the finding that he practiced the profession fraudulently. Concededly, the crimes of which defendant was convicted and upon which the first two specifications are based involved improper billing resulting in the overpayment of Medicaid funds to petitioner. The submission of false bills to persons or institutions other than the patients themselves has been held to constitute the fraudulent practice of medicine (*Matter of Wassermann v Board of Regents of Univ. of State of N. Y.*, 11 NY2d 173, cert den 371 US 861; *Matter of Shmelzer v Ambach*, 86 AD2d 901; *Matter of Holmstrand v Board of Regents of Univ. of State of N. Y.*, 71 AD2d 725). Accordingly, we find substantial evidence to support the finding that petitioner was guilty of practicing the profession fraudulently within the meaning of subdivision (2) of section 6509 of the Education Law. Petitioner also argues that the delay in the commencement of this disciplinary proceeding was unwarranted. The Statute of Limitations and the doctrine of laches do not apply to disciplinary proceedings (*Matter of O'Hara*, 63 AD2d 500, 503). Nor has petitioner sufficiently demonstrated that any delay in instituting this proceeding resulted in any prejudice to him. Consequently, the determination will not be annulled on the basis of any delay in commencing this proceeding (see *Matter of Dannenberg v*

*Board of Regents of State of N. Y.,* 77 AD2d 707). We have examined petitioner's remaining arguments and find them unpersuasive. The determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.