In the Matter of HERBERT S. KASSNER and SEYMOUR S. DETSKY, Attorneys, Respondents. JEREMIAH B. McKENNA et al., Petitioners.

First Department, April 12, 1983

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile,* attorney), for petitioners.

*Ralph J. Schwarz, Jr.* and *Jay Goldberg* for Seymour S. Detsky, respondent.

*Herbert S. Kassner,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

By order of this court, dated March 8, 1978, as amended by orders of this court, dated October 24, 1978 and August 6, 1980, and pursuant to subdivision 7 of section 90 of the Judiciary Law, petitioners Jeremiah B. McKenna and Michael A. Gentile were directed to act as counsel, to conduct

a preliminary investigation into the possible existence of a course of unethical and improper practices engaged in by attorneys representing sex-oriented enterprises and to prosecute any disciplinary proceedings which may be warranted.

Petitioners move for an order confirming the report of Referee Frank J. McNabb, dated February 23, 1982, that recommends that the charges against respondent Herbert S. Kassner (Kassner) should be dismissed and that respondent Seymour S. Detsky (Detsky) should be disbarred. The referee's report was referred to this court by petitioners' notice of motion, dated December 30, 1982.

Respondent Detsky cross-moves for an order: (1) disaffirming the report of the referee; (2) dismissing the petition, which contains the charges of which he was found guilty; and, (3) granting oral argument in chambers at the Appellate Division.

Respondent Kassner was admitted to practice in the Second Judicial Department, on December 21, 1955; while respondent Detsky was admitted to practice in the First Judicial Department, on March 4, 1946. During the period covered by the charges set forth in the petition, Kassner and Detsky engaged in the practice of law as a partnership, under the firm name of Kassner & Detsky, and maintained their offices in the First Judicial Department.

These disciplinary proceedings against the respondents were commenced by the service of a petition, dated May 9, 1980.

The petition contains three charges:

Charge one involves a violation of DR 2-106(A) of the Code of Professional Responsibility (Code). It alleges that between August, 1973 and May, 1974 respondents improperly agreed to and did accept a weekly retainer in the amount of $125 per week from Michael Foglio (Foglio) and Peter Johns (Johns), who were the owners and operators of a massage parlor, located in the First Judicial Department, and in return for their retainer the respondents were to represent in the future, Foglio and Johns and any of their employee-prostitutes, if any one of them was arrested on charges of prostitution or permitting prostitution. Subse-

quently, pursuant to such retainer, respondents represented Johns, and his employee-prostitutes, when they were arrested.

Charge two involves a violation of DR 7-102(A)(7) of the Code. It alleges that respondents improperly counseled and assisted Johns and his new partner Murray Cohen (Cohen) in January, 1974 in techniques by which their employees could solicit customers for prostitution and at the same time avoid the risk of arrest by plainclothes police.

Charge three involves a violation of DR 1-102(3) and (5) of the Code. It alleges that in 1974 the respondents solicited and received a bribe to be paid to the law secretary of a Judge to insure the favorable outcome of a criminal case.

The true name of Johns was Edward Cafferty (Cafferty) and he was a sergeant in the New York City Police Department, who was acting in an undercover capacity. In the course of carrying out this assignment, he wore a body recorder.

This court by order, dated January 26, 1981, appointed Frank J. McNabb as referee in the proceeding to take testimony in regard to the charges of professional misconduct contained in the petition.

The hearing of testimony began on July 20, 1981. During July and August, 1981 sessions were held to take testimony. Both respondents testified at the hearings. The hearing transcript contains approximately 1,500 pages.

In respect to respondent Detsky, the referee found all three charges proven against him.

The evidence presented against respondent Detsky concerning the bribery allegation (charge three) is overwhelming. In pertinent part, the referee wrote at pages 4 and 5 of his report: "[R]espondent Detsky admitted on cross-examination that he had a conversation with the undercover policeman [Cafferty] in which he told him he had offered a $1,000.00 bribe to a judge's secretary and had received the $1,000.00 from the undercover policeman (TR792)".

Examination of the transcripts of the taped conversations in evidence of Detsky relative to this bribery incident reveals the convincing nature of his guilt and his unfitness

to remain a member of the Bar. His culpability is in no way mitigated by the fact that there is no evidence that he had in fact offered such a bribe.

Detsky in defending himself against the illegal retainer allegations (charge one) and the counseling allegations (charge two), aggravated this misconduct by his lack of honesty before the referee. In the *Matter of Schildhaus* (23 AD2d 152, 157), we said: "The lawyer's duty of candor and fairness is not suspended for the purpose of making a defense to a disciplinary proceeding. 'Where a member of the bar is charged with delinquencies, as in this case, there is but one course open to him — to come forward frankly and make such truthful explanations as he may, and with equal frankness admit his mistakes. It does not profit him before this court to rely upon technical defenses or employ sophistry in argument in an attempt to establish a superficial justification.' (*Matter of Feinstein,* 233 App. Div. 541, 542-543.)"

We hold that respondent Detsky's retainer arrangement with undercover Officer Cafferty and his massage parlor partners was improper not only because it dealt with providing representation for crimes to be committed in the future, but also because Detsky was to represent persons, i.e., the prostitute-employees, who had never retained him as their attorney.

Also, we hold that respondent Detsky's conduct was improper when he aided and guided massage parlor operators and their prostitute-employees by his counsel, in how to commit the crimes of prostitution (Penal Law, § 230.00) and of permitting prostitution (Penal Law, § 230.40) so as to avoid arrest. We said in *Matter of Davis* (252 App Div 591, 601): "When properly retained lawyers have a right to defend persons charged with crime. They must realize, however, that aiding or abetting the commission of crime will not be tolerated."

Respondent Detsky submitted a 130-page memorandum in support of his cross motion. Further, he supplemented that memorandum with additional communications to this court, in the form of a reply memorandum and supplemental affidavits. His contention about unreasonable delay in

the prosecution of the acts contained in the charges has no merit because "the rule with respect to a speedy trial * * * does not apply to disciplinary proceedings" (*Matter of O'Hara,* 63 AD2d 500, 502). Equally without merit are Detsky's contentions about the alleged lack of impartiality of petitioner McKenna and prosecutorial misconduct.

The application by Detsky to orally argue the merits of the referee's report is denied. His position has been completely presented to this court by his experienced counsel.

In view of this record respondent Detsky's "conduct demonstrates his utter lack of minimal professional character" (*Matter of Farrell,* 27 AD2d 61, 62, mot for lv to app den 20 NY2d 861).

The referee recommends dismissal of the charges against Kassner. As to charge one, dealing with improper retainers, and charge two, dealing with improper client counseling, the petitioners conceded to the referee that Kassner was not involved in that misconduct. Further, as to charge three, dealing with bribery, the referee found that the necessary proof against Kassner was not sustained. Petitioners do not contest the referee's finding as to respondent Kassner. We accept the referee's recommendation.

Accordingly, the motion of the petitioners to confirm is granted, the respondent Detsky's cross motion is denied, and respondent Detsky should be disbarred and his name stricken from the roll of attorneys and counselors at law, and that the petition against respondent Kassner should be dismissed.

KUPFERMAN, J. P., SANDLER, SULLIVAN, ROSS and FEIN, JJ., concur.

Respondent Seymour S. Detsky's name is stricken from the roll of attorneys and counselors at law in the State of New York, and the charges, insofar as they relate to respondent Herbert Kassner are dismissed.