■ In the Matter of ROBERT L. WOLF, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to review a determination of the Commissioner of Education which censured and reprimanded petitioner as a physician. On January 18, 1974, petitioner was convicted of a crime in the United States District Court for the Southern District of New York based upon income tax evasion during the years 1966 through 1969. On May 2, 1980, the

State Board for Professional Medical Conduct issued a statement of charges based upon the afore-mentioned Federal conviction. Following a hearing and the statutory administrative review procedures, the commissioner issued the determination under review herein on July 1, 1982. Petitioner maintains that the lengthy period of delay between the date of his conviction and the commencement of the disciplinary proceeding is so inordinate as to render the final determination arbitrary and capricious. Although the actual elapsed time of more than six years is substantial, there is no evidence in the record that the State Board for Professional Medical Conduct was aware of petitioner's conviction until January, 1979, when it was so notified by an investigator from the State Education Department. In any event, neither the Statute of Limitations nor the doctrine of laches applies to disciplinary proceedings (*Matter of O'Hara,* 63 AD2d 500, 503), and mere delay, in the absence of proof that petitioner was prejudiced thereby, is not a basis for annulling a determination in a disciplinary proceeding (*Matter of Chaplan v Ambach,* 91 AD2d 736). Petitioner's claim of prejudice is insufficient. Nor do we perceive any basis for such a claim since it is undisputed that petitioner was, in fact, convicted of a crime, which provides the basis for a finding of misconduct and for respondent's exercise of the discretionary power to impose a penalty (see *Matter of Pozarny v State of New York,* 92 AD2d 954). Petitioner also claims that the determination must be annulled since a member of the Regents Review Committee, which reviewed petitioner's case and made recommendations concerning its disposition, was a friend of petitioner's former father-in-law. Other than innuendo, petitioner has offered no evidence of any actual bias that affected the final decision. "[A] mere allegation of bias will not suffice. There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (*Matter of Warder v Board of Regents,* 53 NY2d 186, 197). Petitioner's contentions are without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.