■ In the Matter of EDWARD FISCHMAN et al., Petitioners, v GORDON M. AMBACH, as Commissioner of the New York State Education Department, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul determinations of the Commissioner of Education which suspended each petitioner's license to practice podiatry for three months and assessed $1,000 fines against each petitioner. Petitioners Fischman, Glazer and Gudeon, licensed podiatrists, were indicted in February, 1977 in Kings County Supreme Court for the crimes of attempted bribery in the second degree and conspiracy in the third degree in connection with soliciting funds to attempt bribery. Thereafter, each petitioner pleaded guilty to the crime of conspiracy in the third degree (former Penal Law, § 105.05, as added by L 1973, ch 1051, § 5), a class A misdemeanor. Petitioner Gudeon was sentenced to pay a fine of $1,000 or serve 30 days in jail. Petitioners Glazer and Fischman were sentenced to conditional discharges and $1,000 fines. In August, 1980, petitioners were notified that a screening committee of the State Board of Podiatry had voted to charge them with professional misconduct. Notification of the charges was given in July, 1982 and petitioners were informed that the charges would be heard by the Regents Review Committee pursuant to the expedited procedures of section 6510 (subd 2, par d) of the Education Law. An action in the United States District Court

for declaratory and injunctive relief against the use of the expedited procedure was dismissed. The Board of Regents accepted the recommendation of the Regents Review Committee that petitioners' licenses be suspended for three months and that they each be fined $1,000. Accordingly, on February 14, 1983, the Commissioner of Education issued three orders implementing the recommended suspensions and fines. The present proceeding was instituted to annul those orders. In urging annulment, petitioners argue (1) that the hearing before the Regents Review Committee violated their due process rights because a full adversary hearing was not granted, (2) that the 1980 amendment to subdivision 2 of section 6510 of the Education Law, as applied to them, is an improper ex post facto law, (3) that in the absence of a transcript of the hearing before the Regents Review Committee, there was an insufficient record for the Board of Regents and this court to make a decision, and (4) that the passage of time between the time of the entry of their guilty pleas and the suspension orders, five years, invoked the doctrine of laches which should invalidate the subject orders. There must be a confirmance. We have previously held that where, as here, there is no factual dispute concerning the guilt or mitigation factors attendant thereto, a hearing is unnecessary and the expedited procedures provided by statute (Education Law, § 6510, subd 2, par d) do not violate any due process rights (*Matter of Landesman v Board of Regents,* 94 AD2d 827). Due process is concerned with factual disputes and "[w]hen the operative facts are not in dispute, a hearing is unnecessary" (*Matter of Economico v Village of Pelham,* 50 NY2d 120, 128; see *Matter of Asman v Ambach,* 98 AD2d 847). Next, petitioners' claim that the 1980 amendment to subdivision 2 of section 6510 of the Education Law is improper as an ex post facto law is without merit. The amendment is a procedural change and New York courts have held that in administrative proceedings, charges that are filed prior to the change in the law, as here, do not foreclose the use of procedures set forth in the new law (*Matter of Clayton v Clement,* 33 NY2d 386, 390; *Matter of Kaplan v Board of Regents,* 87 AD2d 952, 953; cf. *Matter of Chambers v Board of Educ.,* 47 NY2d 279, 285-286). Petitioners' further contention that retroactive application of section 6510 (subd 2, par d) of the Education Law is violative of State law (McKinney's Cons Laws of NY, Book 1, Statutes, § 51, subd e) is rejected since this particular statutory provision is procedural and creates no new remedy (McKinney's Cons Laws of NY, Book 1, Statutes, § 55; see *Pataki v Kiseda,* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). Petitioners' charge that there was an insufficient record for the Board of Regents and this court to make a decision since there is no transcript from the Regents Review Committee's hearing must be rejected. Given the fact that petitioners did not contest guilt but merely challenged the disciplinary measure, it cannot be said that the record presented to the board along with the review committee's report did not amply aid the board in making an informed decision (see *Matter of Di Marsico v Ambach,* 48 NY2d 576, 582). Since punishment was the sole issue, the judicial standard of review is abuse of discretion (*Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184). The punishment meted out in these cases was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-235). Finally, we find without merit petitioners' contention that the time between entry of their guilty pleas and the suspension orders invokes the doctrine of laches such that the orders must be annulled. We have held that "neither of the Statute of Limitations nor the doctrine of laches applies to disciplinary proceedings" in the absence of a delay that prejudices petitioners, a condition not present here (*Matter of Wolf v Ambach,* 95 AD2d 877, 878; see *Matter of Chaplan v Ambach,* 91 AD2d 736). Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.