[782 NYS2d 766]

In the Matter of CHRISTOPHER McCARTHY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 4, 2004

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Chris G. McDonough*, Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with an amended petition dated September 25, 2003, containing one charge of professional misconduct against him. After a hearing on November 25, 2003, the Special Referee sustained the charge. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to strike the motion and to transfer this matter to another Appellate Division department for a decision on the report of the Special Referee with respect to the sanction to be imposed. In addition, the respondent has submitted an affirmation by his attorney requesting that the Court confirm the Special Referee's report and issue the respondent a private letter of admonition in full resolution of the charge contained in the amended petition.

The charge alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), in that he was convicted of an alcohol-related crime and other offenses.

On or about December 24, 2000, the respondent was arrested and charged in Nassau County under District Court docket number 2000NA026969 with driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, and unreasonable and imprudent speed, in violation of Vehicle and Traffic Law § 1180 (a), a traffic infraction.

While those charges were pending, the respondent was arrested in Nassau County on or about April 4, 2001, and charged under District Court docket number 2001NA007424 with driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor, failure to produce a valid insurance card, in violation of Vehicle and Traffic Law

§ 319 (1), a traffic infraction with mandatory revocation of license, failure to keep right, in violation of Vehicle and Traffic Law § 1120 (a), a traffic infraction, imprudent speed, in violation of Vehicle and Traffic Law § 1180 (a), a traffic infraction, and failure to signal a turn, in violation of Vehicle and Traffic Law § 1163 (a), a traffic infraction.

On June 25, 2002, the respondent pleaded guilty under docket number 2000NA026969 to the reduced and amended charge of disorderly conduct, in violation of Penal Law § 240.20 (7), a violation. The respondent was fined the sum of $250, with a $50 surcharge, and a $10 crime victim assistance fee was imposed. The remaining charges under docket number 2000NA026969 were dismissed in satisfaction of the plea. That day, the respondent also pleaded guilty under docket number 2001NA007424 to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (9), an unclassified misdemeanor, and two traffic infractions. The remaining charges under docket number 2001NA007424 were dismissed in satisfaction of the plea.

On September 23, 2002, the respondent was sentenced under docket number 2001NA007424 to three years probation with special conditions pertaining to alcohol, a $500 fine, a $110 mandatory surcharge, a $10 crime victim's assistance fee, and the revocation of his driver's license for a period of six months. A $50 fine was imposed for his violation of Vehicle and Traffic Law § 1163 (a).

By stipulation signed on September 25, 2003, and September 30, 2003, the respondent and the petitioner agreed that the enumerated exhibits annexed to the original petition and filed with this Court on or about April 15, 2003, would be received into evidence without objection.

Based upon the undisputed facts of this case, the Special Referee properly sustained the charge as set forth in the amended petition, the petitioner's motion to confirm the Special Referee's report is granted, and the request set forth in the affirmation of the respondent's counsel is granted to that extent and otherwise denied.

The respondent's cross motion to strike the motion to confirm and to transfer this matter to another Appellate Division department is denied. The Special Referee acted properly in ordering that any improper references made by the petitioner's counsel be stricken, thereby effectively curing any prejudice which might have inured to the respondent. It is clear from the record that the respondent received a fair hearing and any reference to material outside the record was eliminated.

In determining an appropriate measure of discipline to impose, the respondent requested that the Court confirm the Special Referee's report and issue a private letter of admonition to him. The respondent has no prior disciplinary history, has been involved in an alcohol treatment program, has paid all fines assessed against him and complied with the conditions of probation, has admitted his mistakes, and has expressed remorse.

Under the totality of circumstances, the respondent is publicly censured and referred to the Lawyer's Assistance Program of Nassau County.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the cross motion to strike the petitioner's motion to confirm and transfer this matter to another Appellate Division department for a decision on the report of the Special Referee with respect to the sanction to be imposed is denied; and it is further,

Ordered that the respondent is censured for his professional misconduct.