[893 NYS2d 903]

In the Matter of Christopher Paul McCarthy, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 23, 2010

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On March 16, 2009, the respondent was convicted, upon his plea of guilty, in Supreme Court, Nassau County, of the crime of operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192 (3) and § 1193 (1) (c), a class E felony, aggravated unlicensed operation of a motor vehicle in the second degree, in violation of Vehicle and Traffic Law § 511 (2), an unclassified misdemeanor, and leaving the scene of an accident, in violation of Vehicle and Traffic Law § 600 (2) (a), a class A misdemeanor.

On May 13, 2009, the respondent was sentenced to a period of probation of five years with respect to the Vehicle and Traffic Law § 1192 (3) and § 1193 (1) (c) conviction, the first six months of which were to be spent in the Nassau County Correctional Center with all the alcohol programs available to him, a fine in the sum of $1,000, mandatory surcharges in the sums of $300 and $195, a crime surcharge in the sum of $25, and a crime victim's surcharge in the sum of $25. With respect to the Vehicle and Traffic Law § 511 (2) conviction, the respondent was sentenced to a term of 30 days of incarceration, to run concurrently with the sentence imposed for the Vehicle and Traffic Law § 1192 (3) and § 1193 (1) (c) conviction, and a fine in the sum of $5,000. A fine in the sum of $500 was imposed in connection with the Vehicle and Traffic Law § 600 (2) (a) conviction.

The respondent previously was censured by opinion and order of this Court dated October 4, 2004 (11 AD3d 162 [2004]), as a result of a prior disciplinary proceeding based on his conviction of other alcohol-related offenses.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction.

By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a) and was automatically disbarred on March 16, 2009. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Christopher Paul McCarthy, is disbarred, effective

March 16, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Christopher Paul McCarthy, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Christopher Paul McCarthy, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher Paul McCarthy, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).