[926 NYS2d 333]

In the Matter of DEVIN B. GARRAMONE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 1, 2011

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Peter M. Hobaica,* Utica, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 21, 1998, and maintains an office for the practice of law in Utica. On June 28, 2010, respondent was convicted upon his plea of guilty in Oneida County Court of obscenity in the third degree (Penal Law § 235.05 [1]), a class A misdemeanor, and on August 10, 2010 he was sentenced to a one-year conditional discharge.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his conviction and respondent filed an answer admitting the material allegations of the petition. Respondent admitted that, on April 18, 2009, he used his cellular telephone to send a sexually explicit electronic communication to the cellular telephone of an acquaintance, knowing that a minor had access to the acquaintance's phone. Respondent thereafter appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including that the misconduct was an aberration and occurred at a time when respondent's judgment was affected by alcohol. Additionally, we have further considered respondent's record of public service and the numerous letters of support submitted by individuals attesting to his good character and standing in the community. Finally, we have considered respondent's previously unblemished record and his expression of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured, on condition that he agree to participate in and be monitored by a program sponsored by the New York State Bar Association Lawyer Assistance Program for a period of 24 months. In the event that respondent fails to participate in the program or to comply with any condition thereof, or in the event that he commits additional misconduct during the 24-month period of monitoring, the Grievance Com-

mittee shall immediately apply for an order returning the proceeding to this Court for the imposition of appropriate discipline.

Smith, J.P., Fahey, Sconiers and Gorski, JJ., concur.

Order of censure entered.

# MEMORANDA

OF

DECISIONS RENDERED DURING THIS PERIOD EMBRACED IN THIS VOLUME