Matter of Becker (2020 NY Slip Op 01437)





Matter of Becker


2020 NY Slip Op 01437


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

PM-39-20

[*1]In the Matter of Jonathan Lloyd Becker, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Lloyd Becker, Respondent. (Attorney Registration No. 4664710.)

Calendar Date: February 20, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Jonathan Lloyd Becker, Cooperstown, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2009, and presently maintains an office for the practice of law in the Village of Cooperstown, Otsego County. Following receipt of a complaint in December 2016, petitioner commenced an investigation into allegations that respondent had made several inappropriate comments to a 12-year-old female client (born in 2003; hereinafter the child) and had improperly reviewed and downloaded information from the child's social media account during an interview conducted following his appointment as attorney for the child (hereinafter AFC). In March 2019, petitioner initiated this proceeding, alleging that respondent had engaged in conduct adversely reflecting on his fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [h]), which was deserving of a public disciplinary sanction. Following joinder of issue, respondent moved to dismiss the petition of charges, or, alternatively, for an order of diversion or for the appointment of a Referee. In a July 2019 confidential order, we denied so much of respondent's motion which had sought dismissal of the petition or an order of diversion, and appointed a Referee to hear and report. A hearing was held in August 2019 and, following his consideration of posthearing submissions, the Referee submitted his findings of fact and advisory determinations in October 2019.
Petitioner now moves to confirm the Referee's factual findings and disaffirm the advisory determinations, in part, contending that the Referee should have concluded that the entirety of respondent's statements and conduct constituted professional misconduct. Conversely, respondent cross-moves to disaffirm the Referee's factual findings and the advisory determination that sustained the charge of misconduct and to affirm those parts of the report finding that his actions were not in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). Petitioner has submitted an affidavit in reply and the parties have been heard at argument.
Although the petition contains one single charge of misconduct, the Referee categorized the gravamen of the complaint into four separate groups of alleged misconduct taken directly from the petition of charges against respondent, all of which were alleged to have violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). The first group concerned respondent's examination of the child's social media account during the interview. The second group concerned respondent's inquiry into the child's past sexual conduct, which included an explicit description of a past matter that he had handled as a former prosecutor, as well as a description of attorney/client confidentiality that included a reference to the child's genitals. The third group concerned an allegation that, during the meeting, respondent made a second reference to the child's genitals prompted by the child adjusting an article of clothing. Finally, the fourth group concerned a statement to the child during the course of the interview asking that she not discuss the interview with anyone, with the added disclaimer that he could end up in trouble if she told anyone what they had discussed. The Referee determined that petitioner had established the factual allegations of the petition by a preponderance of the evidence, but ultimately found that only the third group of allegations constituted professional misconduct.
In seeking to disaffirm that portion of the Referee's report finding him guilty of professional misconduct, respondent makes several arguments that, in sum and substance, challenge the credibility assessments of the Referee. It is well established that the credibility determinations of a referee in a disciplinary hearing, who is in the best position to assess the demeanor of the witnesses, are entitled to deference so long as they are sufficiently supported by the record on review (see Matter of Hennessey, 155 AD3d 1425, 1426 [2017]; Matter of Schillinger, 116 AD3d 1159, 1160 [2014]; Matter of Cohn, 194 AD2d 987, 990 [1993]). Having reviewed the record before us, we find no justification for disturbing the Referee's conclusions, which are amply supported by testimony and other evidence. Further, we reject respondent's contentions concerning the Referee's evidentiary rulings, finding that there was sufficient evidence supporting the Referee's conclusions beyond the testimony objected to by respondent, and that the hearing provided respondent with a full and fair opportunity to contest the allegations against him (see Matter of McCarthy, 11 AD3d 162, 164 [2004]; Matter of Eisenberg, 134 AD2d 91, 94 [1988], appeal dismissed, 71 NY2d 906 [1988]; see also Matter of Livingston, 133 AD3d 1, 5 [2015]).
Turning to those aspects of the parties' respective motions seeking to affirm and disaffirm the Referee's factual findings, we first find that respondent's explicit description of a past matter that he had handled as a prosecutor involving an adult engaging in criminal sex acts with a minor was unjustified as part of his representation of the child. The record contains no support for the conclusion that respondent's statements to this effect were appropriate when interviewing a child that he was representing on two family offense petitions that did not involve allegations of sexual misconduct. We have further determined that respondent's illustration of attorney/client confidentiality utilizing references to the child's hypothetical sexual history and his separate reference to her genitals and physical discomfort had no justification under the circumstances (see generally Matter of Keegan, 95 AD3d 1560, 1561-1562 [2012]; Matter of Garramone, 86 AD3d 343, 344 [2011]; Matter of Hickey, 253 AD2d 998, 998 [1998]; Matter of Gilbert, 194 AD2d 262, 263 [1993]; Matter of Schiff, 190 AD2d 293, 294 [1993]). Lastly, we find that respondent's request that the child not advise anyone of the substance of their conversation because he could be punished for it, when read together with his other statements, was inappropriate and served no purpose in advancing the representation (see e.g. Matter of Greenberg, 94 AD3d 152, 153 [2012]). Altogether, we find that the aforementioned statements made by respondent adversely reflect on his fitness as an attorney and constitute professional misconduct and disaffirm the advisory determinations in the Referee's report finding to the contrary. However, we elect not to disturb the Referee's determination that respondent's review and retention of messages from the child's social media account did not constitute professional misconduct, as there was sufficient justification in the record for doing so. Having found respondent guilty of professional misconduct, we turn to the determination of the appropriate sanction (see Matter of Rain, 162 AD3d 1458, 1461 [2018]; Matter of Castillo, 157 AD3d 1158, 1159 [2018], lv denied 31 NY3d 906 [2018]).
We have considered the factors in mitigation presented by respondent that we believe are established by the record, including his lack of disciplinary history, his cooperation with petitioner and the delay in these proceedings (see ABA Standards for Imposing Lawyer Sanctions §§ 9.32 [a], [e], [j]). We have also considered respondent's self-expressed changes to his office procedures in conducting interviews with clients (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [d]). In aggravation, however, we have considered the vulnerability of the child along with respondent's reluctance to acknowledge the wrongful nature of his misconduct (see ABA Standards for Imposing Lawyer Sanctions §§ 9.22 [g], [h]). Having considered the relevant factors present before us, including past precedent concerning similar conduct, we believe that a term of suspension is the appropriate sanction for respondent's misconduct (see generally Matter of Keegan, 95 AD3d at 1561-1562; compare Matter of Kahn, 16 AD3d 7, 9-10 [2005]; Matter of Hickey, 253 AD2d at 998). Accordingly, "in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct," we find that respondent should be suspended for eight months (Matter of Powers, 176 AD3d 1468, 1470 [2019]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Finally, because this matter includes sensitive information concerning a minor, we sua sponte order that any information in the record that might tend to identify the child or her mother be sealed (see e.g. Matter of Scudieri, 174 AD3d 168, 174 [2019]; Matter of Scher, 59 AD3d 47 [2008]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that petitioner's motion to confirm and disaffirm the Referee's report is granted in part and denied in part in accordance with the findings set forth herein; and it is further
ORDERED that respondent's cross motion is denied; and it is further
ORDERED that respondent's professional misconduct as set forth in charge 1 is deemed established in accordance with the findings set forth herein, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h); and it is further
ORDERED that respondent is suspended from the practice of law for a period of eight months, effective March 30, 2020, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).