OPINION OF THE COURT

Per Curiam.

The dispositive issue on this appeal is whether respondent State Board of Pharmacy has correctly interpreted section 6808 of the Education Law as requiring a drug wholesaler to register each of its places of business with the board.
The statute in question may not be a model of clarity, and perhaps the Legislature should consider restructuring it. Nonetheless, we proceed to interpret the statute as it presently exists. Subdivision 1 of the section in question provides that "[n]o person, firm, corporation or association shall possess drugs, prescriptions or poisons for the purpose of compounding, dispensing, retailing, wholesaling, or manufacturing, or shall offer drugs, prescriptions or poisons for sale at retail or wholesale unless registered by the department as a pharmacy, store, wholesaler, or manufacturer.” The remainder of the statute contains a welter of provisions relating to registration and inspection, some specifically applicable to a particular type or types of regulated entity, others applicable to any entity regulated by the section. It is appellant’s contention that although each pharmacy and store must be individually registered, a particular wholesaler need only register its main place of business regardless of how many places of business it actually operates in the State. Respondent, on the other hand, argues, and correctly so, that the statute requires a wholesaler to register each place of business in the State.
We are required to reject appellant’s interpretation. This is so, in part, because the interpretation of respondent, the agency charged with the enforcement of the statute, is a reasonable one, while to adopt appellant’s interpretation would be to ignore the intent and purpose of the Legislature in creating this statutory scheme.
In the instant case, it is beyond dispute that the intendment of the Legislature, in particular and large part, was to protect the public from contaminated, misbranded and adulterated drugs. To effectuate this purpose, the Legislature deemed it necessary to require the registration of places in which drugs *743 are kept, so that they may be readily inspected for and against threats to the public health and welfare. For such an inspection program to be effective, it is obviously necessary that drug wholesalers be required to register each of their places of business, not merely their main office or place of business. Indeed, the wisdom and necessity of this requirement is aptly illustrated by the instant case in which appellant Drug Purchase, Inc,, was storing contaminated drugs in filthy conditions unbeknownst to respondent until fortuitously reported by third parties.
Our interpretation of the statute as requiring a drug wholesaler to register each place of business is amply supported by examination of several provisions of the statute. For example, paragraph b of subdivision 4 of section 6808 specifically requires a wholesaler to renew its registration biennially "for each place of business”. Unless a wholesaler is required to register each place of business, this provision would be meaningless. Similarly, subdivision 5 authorizes respondent to "enter any * * * wholesaler * * * and to inspect, at reasonable times, such factory, warehouse”. This is, of course, indicative of the fact that each place of business must in fact be registered.
In light of all this, it is abundantly evident that the registration provision must be interpreted as requiring a drug wholesaler to register each of its places of business.
Accordingly, the order appealed from should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a Per Curiam opinion.
Order affirmed.