■ In the Matter of Laux Advertising, Inc., Petitioner, v James H. Tully, Jr., et al., Constituting the Tax Commission of the State of New York, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of sales and use taxes upon petitioner for the period September 1, 1971 through August 31, 1974. Petitioner Laux Advertising, Inc., a general advertising agency, prepares for its customers brochures and catalogues and also places media advertisements for them. In the placement of advertising for its clients, petitioner prepares "mechanicals", which are pieces of artwork with type or reproductions pasted on them and represent facsimiles of the completed advertisement. When a mechanical is completed and accepted by the customer, a photo negative is then made of it by an outside vendor who returns the mechanical to petitioner and forwards the negative to the advertising media. The mechanical is retained by petitioner for approximately one year or until the customer requests that it be sent to him. Petitioner did not, during the period in question, pay any sales tax on the materials it had purchased from vendors to prepare mechanicals. Rather, petitioner issued exempt certificates to the vendors, who would then bill petitioner without the sales tax amount. Petitioner, in turn, would bill its customers for the sales tax on the mechanicals, and if the customer had a direct pay certificate, it would pay the sales tax directly to the Sales Tax Bureau; if the customer did not have

such a certificate, then petitioner would receive the sales tax and remit it to the Sales Tax Bureau each quarter. Thus, the State collected the sales tax on the purchase of materials used to prepare mechanicals either from petitioner or from the direct pay customers. Following a hearing, the State Tax Commission held that petitioner was liable for additional sales tax on $588.91 on the sales by it of brochures. The State Tax Commission also held that petitioner must pay an additional sales tax of $5,794.18 on the purchase by it of materials and services to prepare mechanicals. In this transferred proceeding, petitioner only seeks to annul the latter determination. Subdivision (a) of section 1105 of the Tax Law imposes a tax upon the "receipts from every retail sale of tangible personal property, except as otherwise provided in this article." Section 1101 (subd [b], par [4], cl [i], subcl [A]) of the same law provides an exemption for any sale of tangible personal property "for resale as such or as a physical component part of tangible personal property". Petitioner contends that it purchases the materials used to prepare mechanicals not for its own use but for resale and that it, therefore, is not liable for the sales tax on the original purchases. It takes the position that it merely acts as an agent for its customers who own the mechanicals. The State Tax Commission, however, maintains that petitioner purchases the mechanicals for its own use in preparing advertisements and not for resale to its clients. It concluded that such purchases are subject to the sales and use tax and are not exempt as a purchase for resale. In our view, the record contains substantial evidence to support the determination of the State Tax Commission that the purchase of materials to prepare mechanicals was subject to the sales tax. It is clear that the mechanicals were for petitioner's own use in its advertising business and were not for resale to its customers. In *Matter of Albany Calcium Light Co. v State Tax Comm.* (44 NY2d 986, 988), the Court of Appeals held that the purchase for resale exemption does not apply to purchases of gas cylinders which will be occasionally rented to customers since the receipts collected for the rentals were "purely incidental" to the purchaser's primary business. Here, similarly, petitioner's purchase of materials to prepare mechanicals was not for the primary purpose of reselling them to the customers but rather for petitioner to place advertisements in publications for its customers, and any resales of the mechanicals were merely incidental *(Matter of Albany Calcium Light Co. v State Tax Comm., supra)*. Petitioner also contends that the State Tax Commission should have given it credit for the sales tax already collected for the mechanicals. Of the approximately $5,800 of sales tax due on the mechanicals, petitioner remitted approximately $3,000 to the State, with the balance paid by petitioner's customers who had direct pay certificates. According to the tax examiner who testified at the hearing of this case, petitioner was given a credit for the $3,000 it remitted to the State. Respondents point out that the total additional assessment was approximately $8,800 for the mechanicals, and, since the notice of deficiency was approximately $5,800, petitioner was credited for the $3,000 already remitted. Thus, it is clear that the $3,000 has been collected only once. However, petitioner's two direct pay customers paid approximately $2,800 in taxes directly to the State, one of whom, according to the record, received a $2,000 refund. The remaining $800 has not been refunded to the other direct pay customer, and, since the taxes were assessed for a period ending August 31, 1974, an application for a refund by the other direct pay customer would be untimely (see Tax Law, § 1139, subd [a]). Petitioner is being held liable for $800, and, to prevent the State from recovering that $800 twice, petitioner should be given a credit for the $800 which the direct pay customer

erroneously paid to the State. Determination modified by granting petitioner an \$800 credit against its tax liability herein, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.