■ In the Matter of Murray M. Knight, Petitioner, v Gordon M. Ambach, as Commissioner of Education, et al., Respondents. — Proceeding, pursuant to CPLR article 78, initiated in this court pursuant to subdivision 5 of section 6510 of the Education Law, to review a determination of the Board of Regents suspending petitioner's license to practice as a certified public accountant for a period of two years with the last year of the suspension stayed. On May 31, 1979, petitioner was convicted, based upon his plea of guilty in Federal District Court, of the crime of intentionally supplementing the salary of a governmental employee in violation of section 209 of title 18 of the United States Code. Petitioner admitted that he gave approximately $3,000 to two employees of the Internal Revenue Service for the performance of their official acts in connection with valuation of an estate. Charges were thereafter preferred against petitioner, pursuant to sections 6509 and 6510 of the Education Law, based upon petitioner's conviction and the underlying acts. Following a hearing, the State Board for Public Accountancy determined that the charges had been sustained and recommended that petitioner's license be suspended for one year, that the suspension be stayed and that petitioner be placed on probation for three years. Ultimately, the Board of Regents imposed a more severe penalty, suspending petitioner's license for two years with the last year of suspension stayed. The sole issue raised in this proceeding relates to the severity of the penalty. The mere fact that the penalty imposed by the board was more severe than that recommended by the hearing panel does not render the board's determination arbitrary or improper *(Matter of Holmstrand v Board of Regents,* 71 AD2d 725). Petitioner was permitted to establish in the administrative proceedings all of the mitigating factors that he asserts in this

proceeding (see *Matter of Kane v Ambach,* 74 AD2d 674), and in view of the serious nature of petitioner's crime in relation to his profession, we do not find the punishment "'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness'" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Accordingly, there is no basis for disturbing the board's determination. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.