■ In the Matter of CUT-OUTS, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held petitioner liable for sales and use taxes pursuant to subdivision (a) of section 1210 of the Tax Law and subdivision (a) of section A46-2.0 of the Administrative Code of the City of New York. The sole issue presented in this proceeding is whether petitioner's purchases of steel rule cutting dies are excluded from sales and use taxes as sales for resale (Tax Law, § 1101, subd [b], par [4], cl [i]). Petitioner was engaged in die cutting, mounting and finishing work for the graphic arts industry. It purchased the steel rule cutting dies, made to its

customers' specifications, from die makers for use in its cutting presses. Upon completion of petitioner's work, the dies became the property of the customers, and were stored by petitioner for a two-year period, after which the dies were either sent to the customers, if so requested, or discarded. While the prices fixed by petitioner reflected a charge for the cost of the dies, the amount was not shown separately on the invoices. No such charge was made on reorders, or where the customer provided the necessary die. From these facts, the commission concluded that the cutting dies purchased by petitioner were used in its production process prior to any transfer of title or possession to the customer and, accordingly, it denied petitioner the benefit of the "sale for resale" exclusion. Since the dies were used by petitioner as part of the production process, it is apparent that their primary utility to petitioner and its customers was exhausted prior to any transfer to the customers, except to the extent that the dies might later be used again in the production process for reorders. Unlike containers, which fall within the "sale for resale" exclusion (see, e.g., *Matter of Burger King v State Tax Comm.*, 51 NY2d 614, 623), the dies are not "a critical element of the final product sold to customers". Petitioner's purchase of the dies was not for the primary purpose of reselling them to its customers, but, rather, for petitioner to use in its presses to make the final product, and any resales of the dies were purely incidental (*Matter of Laux Adv. v Tully*, 67 AD2d 1066). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.