■ In the Matter of MANHATTAN INDUSTRIES, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission sustaining a partial denial of claims for refunds of sales and use taxes. Petitioner, a manufacturer of shirts, hired Triton Advertising, Inc. (Triton) to perform advertising services during the years 1972 through 1974. In producing newspaper or magazine advertisements, Triton would first prepare a rough sketch called a "dummy" for petitioner's review. Upon petitioner's approval of the dummy, Triton would arrange for models and have photographs taken which would be pasted onto a board called a "mechanical". The mechanical would then be used to produce the ads which were then distributed. In order to make television commercials, a Triton writer would compose the advertisement in comic strip form on a "storyboard". After approval of the storyboard by petitioner, Triton would hire the support staff for the production of a master film. The actual filming of the commercial and the editing of the film took place both in and out of New York State. The master film was used to make duplicate copies for distribution and then stored at laboratories until disposed

of upon petitioner's authorization. A sales tax was paid by petitioner on all of the materials used by Triton to produce the advertisements. Petitioner claimed a refund of these sales taxes paid and the claims were granted in part and denied in part by the audit division. A hearing was held and the hearing officer was replaced approximately two years after the hearing was completed due to his delay in submitting a decision. The replacement hearing officer submitted a proposed decision granting petitioner's applications for refund in full. The State Tax Commission, however, sustained the partial denial of the refund by the audit division and denied petitioner's application. Petitioner then commenced the present proceeding to review the Tax Commission's determination. Petitioner has the burden of overcoming the tax assessments and the Tax Commission's determination will not be disturbed unless shown to be erroneous, arbitrary or capricious (*Matter of Allied N. Y. Servs. v Tully,* 83 AD2d 727). It is also well established that statutory tax exemptions are construed against the taxpayer (*Matter of Airlift Int. v State Tax Comm.,* 52 AD2d 688). Pursuant to section 1119 (subd [a], par [2]) of the Tax Law, a refund of sales or use taxes is allowed on the sale or use of tangible personal property purchased in bulk which is stored and not used by the purchaser within this State if that property is subsequently reshipped by such purchaser to a point outside this State for use outside this State. Sales taxes paid by petitioners on advertisements that were shipped outside this State were refunded to petitioner. The sales taxes paid for materials used preliminarily to produce the final advertisements, however, were found not to be subject to a refund and it is the denial of a refund on these materials which is disputed in this proceeding. The Tax Commission found that while promotional materials purchased in bulk qualified for refund pursuant to section 1119 (subd [a], par [2]), the tangible personal property purchased from Triton on which the denial was made constituted elements used in the production of promotional material and not a component part of said materials. It was thus concluded that since the materials used in producing the promotional materials did not become components of the promotional materials shipped outside this State, the refunds of sales taxes paid on these materials were properly denied. Upon consideration of the entire record, we cannot say that the Tax Commission's determination was erroneous or arbitrary and capricious and, therefore, it should not be disturbed. Although petitioner now urges that receipts from Triton services are not taxable pursuant to section 1105 (subd [c], par [1]) of the Tax Law, this argument was not advanced during the administrative procedure and, therefore, we will not consider the issue in this proceeding (see *Matter of Belgrave v Ward,* 72 AD2d 898; *Matter of Weber v Carhart Photo,* 46 AD2d 964, mot for lv to app den 36 NY2d 643). We would also note that *Matter of Laux Adv. v Tully* (67 AD2d 1066), relied on by petitioner, is clearly distinguishable due to the fact that the materials in question herein were not, as in *Laux,* kept for the advertising agency's own use but became the property of petitioner. It is also urged by petitioner that the substitution of hearing officers was improper under section 303 of the State Administrative Procedure Act. This section provides that where it becomes impractical for a hearing officer to continue the hearing, another may be assigned to continue with the case unless it is shown that substantial prejudice to the party will result (State Administrative Procedure Act, § 303). Due to the long delay after completion of the hearing for the original hearing officer to submit a proposed decision, it could be found that his continuation was impractical and petitioner should not be entitled to claim any prejudice since the second hearing officer submitted a proposed decision granting the refund in full. Accordingly, we find this contention without merit. We have examined petitioner's remaining arguments and find them unpersuasive. The determination must, therefore, be confirmed. Deter-

mination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.