■ In the Matter of FRED H. DAVIS, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to review a determination of the Commissioner of Education which revoked petitioner's license to practice pharmacy in New York State. On June 4, 1980, petitioner pleaded guilty in Nassau County Court to the crime of falsifying business records in the first degree, a class E felony, and was sentenced to five years' probation. Petitioner admitted that he made a false entry in the controlled drug records of the hospital where he was employed in order illegally to obtain cocaine. He was thereafter charged with professional misconduct, pursuant to section 6509 (subd [5], par [a]) of the Education Law, based upon his conviction and the underlying act. Following a hearing, the Regents Review Committee determined that the charge had been sustained. In its report, the committee recommended that petitioner's license be revoked, although it noted that counsel for respondent State Education Department recommended a two-year suspension of petitioner's license, with the last 22 months stayed, and a $1,000 fine. The Board of Regents voted to accept the review committee's findings and recommendation and revoked petitioner's license. In this proceeding, petitioner contends that the board did not follow lawful procedure in rendering its decisions because it simply rubber-stamped the review committee's recommendation. Since we find no evidence in the record to support the allegation of unlawful procedure, the presumption of regularity applies, requiring rejection of this contention (see *Matter of Sang Moon Kim v Ambach,* 68 AD2d 986). Moreover, merely because the board did not specifically note in its memorandum the foregoing disparity in the recommendations before the review committee does not compel the conclusion that it failed to exercise independent judgment in determining an appropriate sanction to be imposed for petitioner's actions (see *Matter of Di Marsico v Ambach,* 48 NY2d 576, 582). Nor do we find the penalty of revocation " ' "so disproportionate to the offense, in light of all of the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). In the administrative proceedings, petitioner established all of the mitigating factors, including his previous unblemished record, which he asserts in this proceeding (see *Matter of Knight v Ambach,* 83 AD2d 973). The board did not have to accept his excuses or explanations (*Matter of D'Alois v Allen,* 31 AD2d 983, app dsmd 25 NY2d 908). Petitioner admitted his guilt of the underlying criminal charge. Professionals have a serious responsibility not to abuse the trust which licensure places in them regarding controlled substances, and

respondents have the duty to protect the public (see *Matter of Kaplan v Board of Regents,* 87 AD2d 952, 953; *Matter of Widlitz v Board of Regents of Univ. of State of N. Y.,* 77 AD2d 690, mot for lv to app den 51 NY2d 706). Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.