■ In the Matter of ALEXANDER VERRIGNI, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to review a determination of the Commissioner of Education which revoked petitioner's license to practice pharmacy in New York State. Petitioner pleaded guilty on January 23, 1980 to the crime of petit larceny, a class A misdemeanor (Penal Law, § 155.25) and was sentenced to three years' probation and required to make restitution of $2,000. Petitioner admitted that while employed as chief pharmacist at a Bronxville Hospital, during a six-month period, he removed drugs from the hospital pharmacy and sold them to another pharmacist. Based upon his conviction and the underlying act, petitioner thereafter was charged with professional misconduct (Education Law, § 6509, subd [5], par [a]). Following a hearing, the Regents Review Committee found petitioner guilty of the charge and recommended, by a vote of two to one, that his license be revoked. The review committee's report noted that its dissenting member recommended two years' suspension, with the last 18 months stayed, and a $500 fine, instead of revocation. The Board of Regents adopted the finding and

majority recommendation of its review committee, and on August 5, 1982 the commissioner revoked petitioner's license. The sole issue presented in this proceeding is whether the penalty of revocation is excessive. At the hearing before the review committee, petitioner presented all the mitigating facts and circumstances which he now asserts, including his prior unblemished record, his early release from probation, his co-operation with a special prosecutor, and a recommendation for a lighter penalty by the attorney for the Education Department (see *Matter of Davis v Ambach,* 91 AD2d 1113). The fact that others who were guilty of similar crimes received lesser punishment does not justify a modification here (*Matter of Raguseo v Ambach,* 67 AD2d 738, 739, mot for lv to app den 46 NY2d 711). Petitioner admitted his guilt of the underlying charge, which involved deliberate and repeated larceny of controlled substances (see *id.*). In determining the appropriate penalty, the board was entitled to consider not only what petitioner had done, but also the harm to the public if he had continued uninterrupted in his actions, and the possible deterrent effect on both petitioner and others of a substantial penalty (see *Schaubman v Blum,* 49 NY2d 375, 379). We find that the penalty of revocation was not so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Accordingly, the determination should be confirmed (*Matter of Davis v Ambach,* 91 AD2d 1113, *supra*). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.