■ In the Matter of MICHAEL A. LANDESMAN, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 5 of section 6510 of the Education Law) to annul a determination of respondent Commissioner of Education which revoked petitioner's license to practice accounting. In September of 1981, petitioner, a certified public accountant, was charged with having been convicted of an act constituting a crime under New York

State law within the meaning and purview of section 6509 (subd [5], par [a], cl [i]) of the Education Law. The charge was premised upon his having been convicted in Supreme Court, New York County, of grand larceny in the second degree (Penal Law, § 155.35) based upon his admitted theft of certain property from his employer having an aggregate value of $2,336.11 between April 15, 1975 and May 7, 1975.* As a penalty for this conduct, the petition sought a revocation of petitioner's license to practice accounting, and pursuant to the expedited procedure permitted under section 6510 (subd 2, par d) of the Education Law, petitioner's attorney appeared before the regents review committee and presented mitigating factors relative to petitioner's admitted criminal conduct. Nonetheless this committee found that petitioner had been convicted of grand larceny in the second degree and recommended that his license be revoked, and subsequently, respondent Board of Regents accepted the committee's findings and recommendations. As a consequence, respondent Commissioner of Education revoked petitioner's license on July 9, 1982, and the instant proceeding followed. We hold that the challenged determination should be confirmed and, in so ruling, find that the regents review committee did not abuse its discretion or violate petitioner's due process rights by denying petitioner's request for an evidentiary hearing on the charge against him. The facts underlying this proceeding were uncontested in that petitioner conceded his criminal conduct and conviction and respondents did not dispute the truth of the mitigating factors presented by petitioner's attorney. Under these circumstances, petitioner has not shown that the lack of a plenary hearing prejudiced him, and the requested hearing would have been superfluous and, therefore, was unnecessary (cf. *Matter of Economico v Village of Pelham,* 50 NY2d 120). Additionally, no annulment of the license revocation is required because respondents followed the expedited procedure of section 6510 (subd 2, par d) of the Education Law rather than procedures available prior to the enactment of that section. Even assuming, *arguendo,* that, as contended by petitioner, the 1981 proceeding was merely a continuation of an earlier proceeding commenced in 1979 so that respondents could use the expedited procedure only with his consent, it is clear that petitioner did not object to the use of the expedited procedure during the course of the administrative proceeding, and he has not demonstrated that he was prejudiced by the use of that procedure. Such being the case, we will not now review respondents' use of the procedure (cf. *Matter of Seitelman v Lavine,* 36 NY2d 165; *Matter of Manhattan Inds. v Tully,* 88 AD2d 737). Petitioner's further contentions that respondents considered improper evidence in making the challenged determination and that the penalty imposed was overly harsh and constituted an abuse of discretion are similarly lacking in substance. Although petitioner asserts that he had inadequate notice that respondents would inquire about his association with an individual accused of drug involvement, the charge against him incorporated a certified copy of petitioner's sentencing minutes which refer to his involvement with the individual in question. As for the penalty imposed it is certainly not shocking to one's sense of fairness, particularly when petitioner's profession is considered together with his admittedly deliberate larcenous conduct (cf. *Matter of Pell v Board of Educ.,* 34 NY2d 222; see, also, *Schaubman v Blum,* 49 NY2d 375). Lastly, the instant disciplinary proceeding did not violate the State Administrative Procedure Act. Since such a proceeding conducted pursuant to section 6510 (subd 2, par d) of the Education Law does not require a hearing on the record, the provisions of the State Administrative

---

* Although the count under which petitioner pleaded guilty charged theft of $2,336.11, petitioner admitted stealing at least $14,000 at the time of sentencing. The court ordered restitution in that amount as part of the sentence of probation, allowing petitioner to litigate with his former employer any claim above that amount.

Procedure Act concerning adjudicatory proceedings upon which petitioner relies are not applicable here (see State Administrative Procedure Act, § 102, subd 5; § 401, subd 1). Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.