■ In the Matter of Howard Friedman, Petitioner, v State Education Department et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice pharmacy. On January 19, 1982, petitioner pleaded guilty to the crime of grand larceny in the third degree. In the course of operating his pharmacy business, he had submitted fraudulent claims and credit slips to a data service with the result that he collected $101,500 in nonexistent accounts receivable over a period of 22 months. Petitioner was sentenced by the County Court of Westchester County to a term of five years' probation and was ordered to make restitution of the stolen funds. By order of the Commissioner of Education, dated November 23, 1982, petitioner's license to practice pharmacy was revoked (Education Law, § 6509, subd [5], par [a]). On this appeal, petitioner contends that the revocation of his license constitutes a punishment so disproportionate to his offense as to be " 'shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234). However, we do not find that to be the case here. Given the amount of the funds which he misappropriated as well as the extended period of his misconduct, it cannot be said that the penalty of license revocation is so disproportionate to petitioner's offense as to mandate modification (see *Matter of Falcone v New York State Educ. Dept.*, 50 NY2d 854, 856). While it is true that petitioner's crime did not directly involve misuse of his ability as a pharmacist, unprofessional conduct need not be confined to acts directly connected to the treatment of patients (*Matter of Mosner v Ambach*, 66 AD2d 912). Nor are we constrained to modify the punishment imposed because petitioner's probation officer recommended that he be allowed to retain his license and continue the practice of his profession in order to make restitution. The board's decision as to whether to follow such recommendation is, of course, discretionary, and it cannot be said, in view of

the circumstances presented here, that it abused its discretion in imposing a penalty harsher than that recommended (cf. *Matter of Knight v Ambach,* 83 AD2d 973). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.