■ In the Matter of EMPIRE STATE PHARMACEUTICAL SOCIETY et al., Respondents, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Connor, J.),

entered October 27, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* enjoin respondents' use of certain procedures to inspect pharmacies and assess penalties. ¶ Petitioners, an association of pharmacists as well as individual pharamacists and corporate-owned pharmacies, have commenced this CPLR article 78 proceeding seeking a declaration that the procedure utilized by respondents for disciplining minor or technical instances of misconduct is unconstitutional, and that such procedures be enjoined. Section 6510 (subd 2, par c) of the Education Law (added L 1980, ch 866, § 5, eff Jan. 1, 1981) provides for expedited administrative review of uncontested violations of a minor or technical nature discovered by professional conduct officers. Pursuant to the procedure now utilized, the misconduct is cited and a proposed penalty assessed by the Education Department. The licensee is given three options: first, to pay the penalty, in effect pleading guilty; second, to appear with or without counsel before the Pharmacy Board Violations Committee to make a statement in mitigation or explanation; and third, to deny the charges and elect a full adversary hearing. Special Term granted the petition, holding the expedited procedure to be an unconstitutional deprivation of due process rights by assessing a specified penalty before the licensee had an opportunity to appear before the Committee on Violations. Special Term further directed respondents to adhere to the literal language of section 6510 (subd 2, pars a, b, c) of the Education Law by issuing a warning without penalty or giving notice of charges and reference to a panel of the Committee on Violations. ¶ We note that the petition did not allege, nor do petitioners now argue, that section 6510 (subd 2, par c) of the Education Law is unconstitutional. Rather, they contend that respondents' practice, whereby the professional conduct officer notifies a licensee of certain violations and of the penalty proposed, is an unconstitutional deprivation of both due process rights and equal protection. Special Term agreed, holding: "To condone the present procedure, would be in the opinion of the Court, to ignore the safeguards of Constitutional due process. To allow the Agency the option to assess first as to a possible criminal involvement is to negate the statutory intent that no fine be set until the alleged violator has had an opportunity to appear before the Violations Committee." We disagree. ¶ This court has recently held that administrative review proceedings which are analogous to the criminal plea bargaining process are constitutional (*Matter of Crawford v New York State Racing & Wagering Bd.,* 100 AD2d 653). The procedure utilized by respondents is analogous to the criminal plea bargain process in that the form letter of notification proposes and offers to accept a specified penalty upon a plea of guilty. The letter constitutes the charge. The acceptance of the proposed fine by the accused's signature is in effect a plea of guilty. Petitioners erroneously argue that compulsion and coercion are present. The form contains full explanations of the three options available, essentially tracking the language of the statute. Both the Supreme Court and Court of Appeals have held that the State may, in criminal cases, "encourage a guilty plea by offering substantial benefits, notwithstanding the fact that every such instance is bound to have the concomitant effect of discouraging a defendant's assertion of his trial rights" (*People v Pena,* 50 NY2d 400, 411-412, cert den 449 US 1087; see, also, *Brady v United States,* 397 US 742), and despite claims of potential "chilling effect" on exercise of a right to a jury trial by an accused. Here, petitioners' right to an administrative hearing, on far less serious charges and sanctions than in criminal cases, should not entitle them to any greater constitutional protections (see *Crawford v New York State Racing & Wagering Bd., supra*). ¶ Nor do we find that respondents have exceeded the authority granted by the statute. The regulatory scheme is pervasive; it is intended to protect the public

and regulate specific professions dependent upon the integrity of those who practice it. It is well established that an administrative agency must implement the law in harmony with the statute and that reasonable acts designed to further the regulatory scheme will be upheld (*Matter of Summerson v Barber,* 93 AD2d 652, 654, mot for lv to app den 60 NY2d 555). ¶ Petitioners' final argument that the warrantless searches conducted by professional conduct officers violate the Fourth Amendment of the United States Constitution is without merit. It is well established that if, in highly regulated industries, frequent unannounced inspections are required by the statutory scheme to ensure public health and safety (see *Matter of New York State Bd. of Pharmacy v Drug Purchase,* 46 NY2d 741), warrantless searches of commercial premises do not violate the Fourth Amendment (*Donovan v Dewey,* 452 US 594). ¶ Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.