■ In the Matter of HIGGINS & MCLAUGHLIN, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales tax assessment imposed under Tax Law article 28.

In March of 1976, petitioner purchased the Florida Hotel located in Orange County from Gary Slattery for $52,500. The property consisted of a bar and grill on the ground floor, with several rental rooms or apartments above the bar and grill. Slattery and petitioner allocated $12,500 of the purchase price to business assets and $40,000 to real property. Notice of this transaction, pursuant to Tax Law § 1141 (c), was not received by respondent until after it had been consummated.

Apprised of the sale, the Sales Tax Bureau of the Department of Taxation and Finance, on September 23, 1976, served a notice and demand on Slattery to pay the bulk sales tax due by reason of his having purchased the property from one William Wosneski in April of 1974, and also for payment of sales taxes the latter had neglected to pay for the period from March of 1972 through May 31, 1974. The contract of sale entered into between Slattery and Wosneski was for $35,000; however, no separate value had been assigned to the fixtures, furniture and equipment utilized in the bar and restaurant. The contract also provided that Slattery would lease back the bar and restaurant premises to Wosneski, for what ultimately proved to be approximately five months, together with an upstairs apartment. Because Slattery had failed to report that sale, respondent maintains that Tax Law § 1141 (c) made Slattery derivatively liable for Wosneski's unpaid sales taxes. Exclusive of penalties and interest, the total tax claimed to be due amounted to $4,508.49.

At the same time the Sales Tax Bureau notified Slattery of his putative tax liability, it also served notice on petitioner of its obligation to satisfy the very same taxes referred to in Slattery's notice, and to also pay unpaid sales taxes said to have been incurred by Slattery for the period from March 1, 1975 through February 28, 1976. The taxes claimed to be due from petitioner, exclusive of penalties and interest, total $6,579.17.

Petitioner and Slattery protested the propriety of the assessments. On June 6, 1978, they were afforded a conference, following which, on March 16, 1981 — the original Sales Tax Bureau file had been misplaced in the interim — their liability was found to be virtually unchanged. Thereafter, both taxpayers petitioned for review by respondent, which, after, a joint hearing held on September 22, 1982, issued separate decisions sustaining the notice and demand against both Slattery and petitioner. The latter then initiated this CPLR article 78 proceeding challenging respondent's decision.

At issue is whether the tax assessed against Slattery and derivatively against petitioner for Wosneski's unpaid taxes exceeds the limit of Tax Law § 1141 (c), which declares that the personal liability of a purchaser of a sale in bulk of business assets "shall be limited to an amount not in excess of the purchase price or fair market value of the business assets sold * * * whichever is higher". Petitioner maintains that respondent erroneously considered the full value of the real property transferred from Wosneski to Slattery as a business asset in arriving at Slattery's, and in turn petitioner's liability. It is petitioner's contention that the real estate included in the Wosneski to Slattery transfer was not a business asset for purposes of Tax Law § 1141 (c) and that Wosneski was engaged in two separate businesses, that of conducting a bar and grill and also renting residential quarters, the latter being a business not giving rise to sales tax liability. Hence, petitioner claims that the sale price of the realty should not have been taken into account in fixing the range of Slattery's liability. Petitioner further maintains that since the unrefuted evidence indicates that the other assets included in the sale (i.e., the furniture, fixtures and equipment of the bar and restaurant) were old and valueless, no tax is due.

Respondent has defined the term "business assets", as used in Tax Law § 1141 (c), as "any assets of a business pertaining directly to the conduct of the business, whether such assets are intangible, tangible or real property" (20 NYCRR 537.1 [b]). This interpretation, though not promulgated in the form of a regulation until after the transactions involved herein occurred, is in harmony with this court's holding that an "asset" is "an

item of value owned" (*Matter of Long Is. Reliable Corp. v Tax Commn. of Dept. of Taxation & Fin.,* 72 NY2d 826, 827, *lv denied* 49 NY2d 707); hence, real property may constitute a business asset. Whether, and to what extent, the real estate involved in this transaction was a business asset is not, however, at all clear from the record.

Concededly, the business which generated Slattery's and petitioner's tax liability was the bar and grill operating on the ground floor of the Florida Hotel. But how the upper level apartments relate to the downstairs restaurant business is not expounded upon by respondent. Because the statute is, at the very least, ambiguous with respect to the meaning of the term "business assets", we are obliged to construe it in favor of the taxpayer (*see, Matter of American Cyanamid & Chem. Corp. v Joseph,* 308 NY 259, 263). Doing so, we conclude that only the portion of the real property pertaining directly to the conduct of the bar and grill should be considered in determining the fair market value or purchase price of the business asset.

We are also of the view that respondent should have remitted the penalties and interest in excess of the statutory minimum charged to petitioner for the period from June 6, 1978 to March 16, 1981 — the dates during which formal review of the tax assessment was being sought. Respondent contravened its own regulation, which provides in pertinent part:

"Interest or penalties * * * shall be remitted if the taxpayer establishes that the failure to comply with the law was due to reasonable cause * * *

"Grounds for reasonable cause, where clearly established, may include the following * * * (5) pending petition to Tax Commission or formal hearing proceedings involving a question or issue affecting the computation of tax for the year, quarter, month or other period of delinquency" (20 NYCRR 536.1 [a], [b]).

That violation by respondent of its own regulation was irrational (*Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542).

Finally, we note that petitioner neglected to contest its derivative liability for unpaid sales taxes on which Slattery was directly liable at the hearing; as a result, that issue was not preserved for review (*see, Matter of Manhattan Indus. v Tully,* 88 AD2d 737).

Determination modified, without costs, by annulling so much thereof as found that the purchase price of the entire building was the ceiling for sales tax liability and as allowed for interest in excess of the statutory minimum and penalties from June 6,

1978 to March 16, 1981; matter remitted to respondent for redetermination of the purchase price or fair market value of the furniture, fixtures and equipment of the bar and restaurant, and apportionment of that part of the building to be allocated to the bar and restaurant; and, as so modified, confirmed. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.