■ In the Matter of WARREN S. GREENBERG, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of respondent which revoked petitioner's license to practice accounting in New York.

In January 1986, petitioner, a certified public accountant, was charged by the State Education Department's Office of Professional Discipline with professional misconduct for having been convicted of an act constituting a crime under Federal law within the scope of Education Law § 6509 (5) (a) (ii). The charge was precipitated by petitioner's conviction upon a plea of guilty to committing tax fraud by assisting a corporate client to prepare false income tax returns for the fiscal years ending in January 1979 and 1980 (26 USC § 7206 [2]). The proceedings were referred to the Regents Review Committee (Committee) pursuant to the expedited procedures set forth in Education Law § 6510 (2) (d), and were initially adjourned at petitioner's request. The hearing was rescheduled for March 12, 1986 and a notice to appear was sent by certified mail return receipt requested to petitioner's home. On the return date, petitioner did not appear and the hearing

proceeded. Shortly thereafter, petitioner requested a further opportunity to appear before the Committee, explaining that he had inadvertently failed to appear when a member of his household neglected to inform him of the appearance notice. This request for rescheduling was denied, and the Committee unanimously recommended that the Board of Regents (Board) find petitioner guilty of the charge and that his license be revoked. The Board accepted the recommendation and an order of respondent implementing this decision was issued July 31, 1986. This proceeding ensued.

We confirm. Initially, we observe that petitioner does not controvert the validity of the underlying conviction, which event clearly constitutes misconduct subjecting him to a penalty *(see,* Education Law § 6509 [5]; *Matter of Rubin v Board of Regents,* 101 AD2d 970, 971). The essence of petitioner's argument is that the Committee abused its discretion in refusing to reopen the hearing, effectively depriving him of an opportunity to present mitigating evidence relevant to the imposition of an appropriate penalty *(see,* Education Law § 6510 [2] [d]). We disagree. Petitioner does not dispute that proper notice was sent to his home and the Board could readily reject the excuse proffered for his failure to appear *(see, Matter of Miller v Board of Regents,* 30 AD2d 994, *lv denied* 23 NY2d 643). Moreover, the factors petitioner now emphasizes in mitigation of his conduct were in large measure delineated at the sentencing hearing in Federal District Court, a certified transcript of which was presented as an exhibit to the Committee. We discern no undue prejudice resulting from the refusal to accord petitioner an additional opportunity to appear *(see, Matter of Landesman v Board of Regents,* 94 AD2d 827, 828). The demands of procedural due process have been satisfied *(see, Matter of Economico v Village of Pelham,* 50 NY2d 120).

Finally, we are not persuaded by petitioner's assertion that the penalty of license revocation was unduly excessive *(see, Matter of Eisenberg v State of New York Educ. Dept.,* 125 AD2d 837; *Matter of Rubin v Board of Regents, supra,* at 971; *Matter of Landesman v Board of Regents, supra; Matter of Dachowitz v Board of Regents,* 72 AD2d 651; *Matter of Nisnewitz v Board of Regents,* 67 AD2d 743, *lv denied* 46 NY2d 712). Albeit not the motivating force, petitioner knowingly participated in a tax fraud scheme that spanned several years.

Determination confirmed, and petition dismissed, without costs. Kane, J.P., Main, Casey, Weiss and Mikoll, JJ., concur.