■ In the Matter of MOHAMED F. SALEEM, Petitioner, v COMMISSIONER OF EDUCATION, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which suspended petitioner's license to practice medicine in New York for one year with nine months of the suspension stayed.

Petitioner was charged with professional misconduct within the meaning of Education Law § 6509 (11) pursuant to the expedited procedures of Public Health Law § 230 (10) (m) (iv) (as amended by L 1986, ch 266, § 26, eff July 8, 1986) by service of a notice of direct referral proceeding and statement of charges in September 1986. The charge was premised on an order of the Commissioner of Health, dated September 21, 1984, finding petitioner guilty of 10 violations of Public Health

Law § 2803-d for various instances of patient neglect at a nursing home. The record shows that while petitioner initially requested a fair hearing on the neglect charges (see, Public Health Law § 2803-d [6] [d]), the request was withdrawn. As a result, the September 21, 1984 order issued without amendment and petitioner was fined $2,000. The matter was then referred to the Department of Health's Office of Professional Medical Conduct (OPMC), which commenced the instant disciplinary proceeding as indicated. After a hearing, the Regents Review Committee found petitioner guilty of the charge and recommended that his license be suspended for one year, with the last nine months of the suspension stayed. The Board of Regents accepted this recommendation in its entirety and respondent executed an order suspending petitioner's license accordingly. This proceeding ensued.

Petitioner maintains that the use of the direct referral procedure set forth in Public Health Law § 230 (10) (m) (iv) was improper since the statute was not in existence when the alleged misconduct occurred, and effectively deprived him of his right to a full hearing on the charges. Initially, we observe that petitioner failed to raise this objection at the administrative proceeding level and thus failed to preserve it for our review (see, Matter of Sasson v Commissioner of Educ., 127 AD2d 875, 876). In any event, we find that the direct referral procedure was properly utilized. The recent amendment to Public Health Law § 230 (10) (m) (iv) expands the direct referral procedure to cases of professional misconduct as defined in Education Law § 6509 and applies to disciplinary proceedings commenced on or after July 8, 1986 (L 1986, ch 266, § 26).* This amendment effectuates a procedural change and may properly be utilized even where the underlying misconduct occurred prior to the effective date (Matter of Fischman v Ambach, 98 AD2d 854, 855; Matter of Kaplan v Board of Regents, 87 AD2d 952, 953).

Petitioner's assertion that this proceeding was actually commenced prior to July 8, 1986 when the Commissioner of Health's order of September 21, 1984 was referred to the OPMC for investigation is unpersuasive. A proceeding of this nature commences upon service of a notice and statement of charges and it is undisputed that these documents were served after July 8, 1986. Petitioner's further assertion that OPMC purposely delayed pursuing the charge against him until the

---

* Prior to the amendment, a direct referral was only authorized in cases of professional misconduct premised on a violation of Education Law § 6509 (5).

new statutory procedure went into effect simply finds no basis in this record. This proceeding also satisfies the statutory criteria for a direct referral, since the charge is based on a final determination of the Department of Health that a State statute, Public Health Law § 2803-d, has been violated; the underlying adjudicatory proceeding was resolved upon petitioner's agreement waiving his right to a fair hearing; and the violations of Public Health Law § 2803-d constitute professional misconduct pursuant to Education Law § 6509 (11), which latter provision was in effect when the instances of patient neglect occurred (see, L 1980, ch 340, § 3, eff Sept. 1, 1980).

Finally, we reject petitioner's assertion that the suspension penalty imposed was an abuse of discretion. The Board of Regents was not bound by the recommendations made as to discipline and since the charge emanated from several instances of patient neglect, an actual suspension of three months' duration was not inappropriate (see, Matter of Hening v Ambach, 132 AD2d 783; Matter of Friedman v State Educ. Dept., 97 AD2d 657).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J. Kane, Casey, Weiss and Levine, JJ., concur.