◼ In the Matter of SAMUEL M. WARD, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of respondent which suspended petitioner's license to practice accounting in New York.

In March 1985, petitioner, a licensed public accountant, was charged by the Education Department's Office of Professional Discipline with professional misconduct within the purview of Education Law § 6509 (9) and 8 NYCRR 29.10 (a) (8), essentially for failing to timely return business and tax records to clients. Following a hearing before a panel of the State Board for Public Accountancy, petitioner was found guilty of 25 specifications of misconduct pertaining to seven different clients. The Hearing Panel recommended concurrent suspensions of one year upon each charge and a cumulative fine of $10,000. The Regents Review Committee adopted the panel's findings of guilt, but recommended that the suspensions be stayed and petitioner placed on probation for a one-year period. The Board of Regents, however, adopted the findings and discipline recommended by the Hearing Panel. Respondent issued an order imposing a one-year actual suspension of petitioner's license. This proceeding ensued.

Petitioner's sole contention is that the suspension was patently excessive and disproportionate in comparison to the minimal penalties imposed on others in similar circumstances. He urges that the appropriate discipline is a period of probation, not an actual suspension. Upon our review of the record, we do not find the suspension either shocking to our sense of fairness or disproportionate to the offense (see, Matter of Greenberg v Ambach, 132 AD2d 822, 823). Petitioner repeatedly disregarded the requests of several clients for the prompt return of important tax-related documentation. In one instance, a subpoena from the Internal Revenue Service was required; in another, records were not surrendered until demand by the Office of Professional Discipline. The mitigating circumstances proffered by petitioner were considered at the administrative level and do not persuade us to interfere with the sanction imposed (see, Matter of Budner v Board of Regents, 67 AD2d 773). Nor are we persuaded to modify the penalty because respondent has imposed lighter sanctions on others guilty of similar transgressions (see, Matter of Verrigni v New York State Educ. Dept., 92 AD2d 661, 662; Matter of Pietranico v Ambach, 82 AD2d 625, 627, affd 55 NY2d 861; Matter of Raguseo v Ambach, 67 AD2d 738, 739, lv denied 46 NY2d 711). That petitioner received a settlement offer of probation, which he rejected, does not compel a contrary result (see, Matter of Empire State Pharm. Socy. v New York State Dept. of Educ., 102 AD2d 964, 965, affd 64 NY2d 942). Accordingly, the determination should be confirmed.

Determination confirmed and petition dismissed, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.