■ In the Matter of LAWRENCE R. BENEDETTO et al., Petitioners, v COMMISSIONER OF EDUCATION et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review determinations of respondent Commissioner of Education which, *inter alia,* suspended the licenses of petitioners Lawrence R. Benedetto and Maurice Sander to practice pharmacy in New York for two years.

Petitioners Lawrence R. Benedetto and Maurice Sander were licensed pharmacists who owned and operated petitioner West Sayville Pharmacy in Suffolk County. An investigation by the State revealed that, from 1982 through 1984, petitioners failed to keep adequate prescription records. As a result, criminal actions were commenced against petitioners and, in July 1985, all three petitioners pleaded guilty to a failure to maintain prescription records in violation of Education Law § 6810 (5), a class A misdemeanor. Pursuant to the plea bargains, each petitioner was sentenced to a conditional discharge and it was ordered that petitioners pay $87,000 in restitution to the State, representing the amount received in Medicaid funds for nonprovable prescriptions.

Thereafter, petitioners were charged with professional misconduct by respondent State Education Department. The pro-

ceedings were conducted by an expedited procedure which permits a matter to be referred directly to the Regents Review Committee when the charges are based solely upon conviction of a crime (Education Law § 6510 [2] [d]), which conviction is prima facie evidence of professional misconduct (Education Law § 6509 [5] [a]). A hearing was held in which documentary evidence was offered by the Department and petitioners appeared with counsel to present mitigating circumstances concerning the convictions. Following the hearing, the Review Committee found petitioners guilty of misconduct and recommended that the license of each individual petitioner be suspended for two years, with the last 18 months stayed, and that he be placed on probation. The pharmacy registration of West Sayville Pharmacy was to be suspended for two years, with the execution entirely stayed. In addition, the Review Committee recommended that each petitioner be fined $10,000. Respondent Board of Regents subsequently adopted the findings and recommendation of the Review Committee, and this CPLR article 78 proceeding was commenced by petitioners to review the final administrative determinations.

Petitioners' first contention is that they were denied due process in that they were not afforded a full adversary proceeding under Education Law § 6510 (3). We disagree. At the hearing, petitioners did not dispute their convictions or the underlying acts. They were also allowed to present mitigating factors such as their prior unblemished records and their involvement in community service. In addition, petitioners introduced evidence to the effect that the State investigation of their record keeping was brought about by the vengeful wife of a friend who was in the midst of a divorce action. Respondents did not dispute any of the mitigating factors presented by petitioners. In such circumstances, due process does not require a full adversary hearing (Matter of Fischman v Ambach, 98 AD2d 854, 855; Matter of Landesman v Board of Regents, 94 AD2d 827, 828). Moreover, petitioners never objected to the expedited procedure and, although both individual petitioners were present at the hearing with their counsel, they were not called to testify nor did they request any witnesses.

We also reject petitioners' contention that the sanction imposed was excessive.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.