■ In the Matter of WESTBURY SMOKE STAX, LTD., Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.— Kane, J. P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 10, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

In response to a "Notice of Determination and Demand for Payment of Sales and Use Tax Due", petitioner filed a protest with respondent's Tax Appeals Bureau *(see,* Tax Law § 2008). A prehearing conference was thereafter held following which petitioner's president executed a document supplied by respondent identified as "Withdrawal of Petition and Discontinuance of Case", wherein it was agreed that the petition would be withdrawn and the amount of the tax due would be reduced to the sum of $126,151.51, without penalty and with "minimum" interest. The tax audit was, in all other respects, including the payment of minimum interest, sustained.

A few months later, a warrant was issued against petitioner for payment of tax due which was thereafter satisfied by petitioner upon the payment of the agreed-upon $126,151.51, together with an additional sum of $31,414.35 representing interest from the date tax was due to the date of payment. This latter amount was paid under protest and is the subject of this present controversy. It is the contention of petitioner

that the agreement of settlement was predicated upon the payment of interest from the date of the settlement to the date of payment, not from the date the tax was due. Accordingly, it seeks annulment of respondent's determination and a refund, or, alternatively, a hearing on its prior application pursuant to Tax Law § 1139 (b).

As to the request for a hearing, although petitioner was at one time informed by the Audit Division of the Department of Taxation and Finance that it could apply for a hearing under the provisions of Tax Law § 1139 (b), that information supplied was in error, since the withdrawal of the petition for redetermination of the initial assessment resulted in a determination by consent, subsequent to the opportunity for a hearing, and thus resulted in the forfeiture of the right to an additional hearing (see, Tax Law § 1139 [c]).

As to the merits, petitioner's interpretation of the agreement of settlement is unsupported by the record and prohibited by statute and regulation. There is no language in that agreement which suggests interest would be computed from the date of the settlement. Moreover, the Tax Law and the regulations promulgated thereunder specifically provide that interest be calculated from the date the tax was due (Tax Law § 1145 [a] [1] [i]; 20 NYCRR 536.1; see, Matter of Higgins & McLaughlin v New York State Tax Commn., 109 AD2d 1029, 1031).

Finally, petitioner's attempt to advance an estoppel argument against respondent for unauthorized acts or information furnished by its employees is equally without merit (see, Granada Bldgs. v City of Kingston, 58 NY2d 705, 708; Matter of Manhattan Cable Tel. v New York State Tax Commn., 137 AD2d 925).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.