■ In the Matter of CHAE YON CHONG, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice as a registered professional nurse in New York.

Petitioner, a registered nurse, was convicted upon his plea of guilty of attempted criminal possession of a forged instrument in the second degree, a class E felony, and was sentenced to five years' probation. The charge arose out of petitioner's possession of a fraudulent transcript from the Universidad Del Noreste in Tampico, Mexico, obtained as part of a scheme to obtain a medical degree from Cetec University of Medicine in the Dominican Republic. As a result, in July 1987, petitioner was charged with professional misconduct under Education Law § 6509 (5) (a) (i). In October 1987, a hearing was held before the Board of Regents Review Committee, which unanimously recommended to respondent Board of Regents that petitioner's nursing license be revoked, noting that petitioner could reapply for restoration of the license one year from the effective date of the order. The findings of fact, determination and recommendation of the Regents Review Committee were accepted by the Board of Regents.

Petitioner commenced this CPLR article 78 proceeding to review the decision of the Board of Regents to revoke his nursing license and the order of respondent Commissioner of Education implementing that decision, contending that respondents violated lawful procedure in deciding the disciplinary proceeding and that the penalty imposed was disproportionate to the offense. These claims are unavailing and merit only brief discussion.

Initially, there is no evidence in the record to support the allegations that respondents did not consider all the evidence before them, that a transcript of the hearing was not available at the time the determination was made or that the proceedings were other than regular *(see, Matter of Davis v Ambach,*

91 AD2d 1113). Rather, it appears from the record that petitioner received a full and fair hearing, with independent review at each stage of the proceedings, and petitioner has failed to show a violation of lawful procedure by respondents in reaching their determination to revoke his nursing license (see, Matter of Rudner v Board of Regents, 105 AD2d 555, 556-557). Next, the certificate of relief from disabilities issued by the sentencing Judge in the criminal case against petitioner did not prevent respondents from relying on the conviction as a basis for the exercise of their discretionary power to revoke petitioner's license (see, Correction Law § 701 [3]; Matter of Zazycki v City of Albany, 94 AD2d 925, 927, lv denied 60 NY2d 558; Matter of Alaimo v Ambach, 91 AD2d 695, 696, lv denied 58 NY2d 607).

Finally, we reject petitioner's contention that revocation of his license was a disproportionately harsh penalty (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). By his plea, petitioner admitted that he attempted to obtain a degree of Doctor of Medicine by submitting fraudulent documentation, conduct demonstrating a lack of honesty, integrity and sound judgment (see, Matter of Allen v Board of Regents, 140 AD2d 824, 826). Revocation of his license was warranted (see, supra). We have considered petitioner's other arguments and find them to lack merit. Accordingly, respondents' determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.