■ In the Matter of WILLIAM J. EISENBERG, Petitioner, v

THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice podiatry in New York for five years.

Petitioner, a licensed podiatrist convicted upon a plea of guilty of the felony of offering a false instrument for filing in the first degree, was charged with professional misconduct in committing an act constituting a crime within the purview of Education Law § 6509 (5) (a) (i). A hearing was held before a Regents Review Committee pursuant to the expedited procedures of Education Law § 6510 (2) (d). Petitioner, represented by an attorney, testified on his own behalf, called three character witnesses and offered documentary evidence in mitigation of the penalty. The Regents Review Committee found that petitioner was convicted of committing an act constituting a crime and recommended that petitioner's license to practice as a podiatrist be suspended for five years, with execution stayed for the last 4½ years, and that petitioner be placed on probation and required to perform 100 hours of community service. Respondent Board of Regents accepted the findings, determination and recommendation of the Regents Review Committee and respondent Commissioner of Education issued an order in accordance therewith.

Petitioner brought this CPLR article 78 proceeding to review the determination, alleging only that respondents violated lawful procedure and that the penalty imposed was disproportionate to the offense. The contentions are meritless and do not warrant extended discussion. Initially, we find no support in the record for the allegations that petitioner was impermissibly prevented from presenting relevant proof or that respondents failed to consider character and mitigating evidence in reaching their determinations. Rather, the transcript of the hearing before the Regents Review Committee shows that petitioner was given a full and fair opportunity to present evidence relevant to "the nature and severity of the penalty to be imposed" (Education Law § 6510 [2] [d]) and that he was curtailed only with respect to offers of irrelevant proof. Significantly, petitioner voiced no objection at the time of the hearing to the expedited procedure or the scope of permitted testimony *(see, Matter of Benedetto v Commissioner of Educ.,* 141 AD2d 984, 985) and there is no requirement that respondents detail the evidence relied upon in reaching their deter-

mination *(see, Matter of Gordon v Commissioner of Educ.,* 144 AD2d 839; *Matter of Marcus v Ambach,* 136 AD2d 778, 779). Nor has petitioner come forward with authority for the novel contention that due process required the disclosure of the recommendation of the Regents Review Committee prior to its consideration by the Board of Regents. In our view, petitioner has not met his burden of establishing a violation of lawful procedure *(see, Matter of Chae Chon Chong v Sobol,* 150 AD2d 831).

Finally, the fact that petitioner intentionally filed false statements and received over $69,000 in unauthorized Medicaid payments provided ample justification for the penalty imposed. The claim that others guilty of similar transgressions have been dealt with less severely is unavailing *(see, Matter of Ward v Ambach,* 141 AD2d 932, 933).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.