■ In the Matter of Rosanna Bell, Petitioner, v New York State Board of Regents, Respondent. [808 NYS2d 506]—

Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a

determination of respondent which revoked petitioner's license to practice accountancy in New York.

In February 2004, the Department of Education charged petitioner, a certified public accountant licensed since 1986, with professional misconduct for having committed acts constituting federal felonies (*see* Education Law § 6509 [5] [a] [ii]). In 1993, petitioner and Franklin Boykoff formed an accounting firm formalized by an equal partnership and corporation. In 2001, petitioner pleaded guilty to conspiracy to defraud the Internal Revenue Service during the years 1993 to 1998, committed by paying for purely personal expenses with business funds and deducting those expenditures from the business's income, thereby understating the business's (and her personal) taxable income. Petitioner also admitted to falsely overstating her income on a 1992 application for a residential loan, which allowed her to obtain a favorable interest rate, and pleaded guilty to that felony. Pursuant to the plea agreement, petitioner cooperated in the investigation and testified against Boykoff, and was sentenced to time served and a five-year term of probation, ordered to pay the federal government restitution of $230,799 (the amount of understated federal taxes) and a $3,000 fine, and directed to send a court approved disclosure letter to all clients.

Following a hearing on the professional misconduct charges, the Regents Review Committee unanimously recommended revocation of petitioner's certified public accountancy license and registration, with no fine. Respondent adopted the Committee's finding and recommendation and revoked her license. Petitioner thereafter commenced this proceeding in this Court (*see* Education Law § 6510 [5]) to review that determination.

We are unpersuaded by petitioner's sole contention that the penalty of revocation of her license was unduly excessive (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). It is undisputed that petitioner knowingly engaged in a tax fraud conspiracy spanning more than five years, involving numerous fraudulent business and personal income tax returns which, combined, defrauded the federal and state governments of in excess of $280,000. She also lied on a mortgage application by greatly overstating her monthly income. Although no clients were affected, petitioner's knowing misconduct involved protracted deceit, avarice and criminal activity which discredited her profession, which is held to a high standard. The penalty of revocation is not "so disproportionate to the offense[s] . . . as to be shocking to one's sense of fair-

ness" (*id.* at 233; *see Matter of Preusch v University of State of N.Y., State Educ. Dept.,* 112 AD2d 502, 505 [1985]; *Matter of Landesman v Board of Regents,* 94 AD2d 827, 828 [1983]; *Matter of Nisnewitz v Board of Regents of Univ. of State of N.Y.,* 67 AD2d 743 [1979], *lv denied* 46 NY2d 712 [1979]). The mitigating circumstances argued by petitioner were fully considered at the administrative level and do not persuade us to interfere with the penalty imposed (*see Matter of Ward v Ambach,* 141 AD2d 932, 933 [1988]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.