In the Matter of ABRAHAM I. FELDMAN, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review two determinations of the Commissioner of Health which assessed civil penalties against petitioner and suspended his right to use official New York State triplicate prescription forms.

Petitioner, a licensed physician, was charged by the Department of Health with violating article 33 of the Public Health Law and 10 NYCRR part 80. Petitioner entered into a stipulation dated April 28, 1982 waiving his right to a hearing with regard to charges Nos. 4 through 9 of the statement of charges, whereby he admitted the allegations set forth in charges Nos. 7 and 8 and admitted the allegations of charges Nos. 4, 5, 6 and 9 as amended. These involved violations of the law in the dispensing or prescribing of Delcobese, an amphetamine. Petitioner agreed to pay a civil penalty of $12,330 and consented to the suspension of his triplicate prescription form privilege for two years.

A hearing was held on charges Nos. 1 through 3. Charge No. 1 alleged that petitioner unlawfully wrote prescriptions for Delcobese to 10 patients. Charge No. 2 alleged that petitioner dispensed or prescribed Delcobese, not in good faith, on 224 occasions to the same patients. Charge No. 3 alleged that petitioner unlawfully dispensed or prescribed Delcobese in excessive dosage or quantity on 64 occasions between January 1, 1978 and April 1, 1980. The hearing officer found that charges Nos. 1 and 2 were not sustained and these were dismissed. Charge No. 3 was found to have been established as to those occasions when petitioner prescribed dosages of Delcobese in excess of 80 milligrams per day, and a $7,500 civil penalty was recommended. On April 19, 1983, respondent adopted the findings of the hearing officer and the assessment of penalty, and ratified and confirmed the stipulation of April 28, 1982.

In this proceeding seeking to challenge those determinations, petitioner contests the sufficiency of the evidence to partially sustain charge No. 3. The question of whether petitioner prescribed Delcobese unlawfully is subject to the prohibition of 10 NYCRR 80.62 (a), pursuant to which a physician is to prescribe quantities of drugs "no greater than that ordinarily recognized by members of his profession as sufficient for proper treatment in a given case".

There was conflicting testimony as to what constituted excessive dosages of Delcobese during the years in question, as

testified to by the medical experts called by both sides. The hearing officer resolved the conflict in favor of the department. We find there was a rational basis to support his findings, which were ratified by respondent. In such an instance, the courts may not substitute their judgment for that of the trier of facts (*Matter of Purdy v Kreisberg,* 47 NY2d 354; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Petitioner contends that article 33 of the Public Health Law was enacted to control the illegal diversion of controlled substances and that its enforcement against him is inappropriate and deprives him of due process, since there was no illegal diversion of Delcobese in the circumstances underlying the allegations against him. Petitioner maintains that the regulations promulgated pursuant to the law, specifically 10 NYCRR 80.62 (a), unlawfully intrude into his right to pursue the practice of medicine.*

We conclude that the Public Health Law and the regulations promulgated thereunder constitute a valid exercise of the police power of the State of New York. The Public Health Law is intended to promote the health, safety and welfare of society. Article 33 of the Public Health law and the regulations issued pursuant thereto were designed to regulate numerous aspects of the manufacture, sale, distribution and dispensation of controlled substances (Public Health Law, § 3304). As such, they control the flow of drugs from legal sources (Memorandum of Assemblyman Chester R. Hardt, May 25, 1972, Governor's Bill Jacket, L 1972, ch 878). Thus, the regulation in question is reasonably related to the attainment of a permissible objective. We conclude that petitioner's constitutional challenge must fail. We find no merit as well to petitioner's contention that his prosecution as to all charges is barred by the Statute of Limitations (see *Matter of Chaplan v Ambach,* 91 AD2d 736).

Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* This argument is applicable only to charge No. 3, as petitioner failed to preserve his right to raise it in regard to the stipulation entered on April 28, 1982.