Hon. Donald O. Chesworth Superintendent New York State Police
You have requested an opinion concerning the propriety of the sale of controlled substances by law enforcement officers during the course of narcotics investigations. Traditionally, officers have bought drugs in furtherance of these investigations. In these situations, known as "buy-busts", officers purchase the drugs and subsequently arrest the vendor. In the "reverse sale" scenario, controlled substances would be sold by undercover officers and physically transferred by them to the purchaser. The officer would then arrest the purchaser, after the sale, for illegal possession of the controlled substance.
The regulation of controlled substances* is governed by the interrelated provisions of Article 220 of the Penal Law and Article 33 of the Public Health Law. Penal Law, §§ 220.03 through 220.21 establish escalating degrees of crimes for the "knowing and unlawful" possession of controlled substances. The act of purchasing a controlled substance is not made a crime. Purchasers are prosecuted under the provisions criminalizing the possession of a controlled substance (People v Lam LekChong, 45 N.Y.2d 64, 73, cert den 439 U.S. 935 [1978]). Sales of controlled substances are treated separately by the Penal Law. Sections 220.31 through 220.43 establish criminal penalties for the "knowing and unlawful" sale of controlled substances.
The Penal Law refers to the provisions of the Public Health Law defining activity that is "unlawful" (id., § 220[2]). "`Unlawfully' means in violation of article thirty-three of the public health law" (ibid.). Article 33, in turn, defines unlawful activity in the following way:
 "It shall be unlawful for any person to manufacture, sell,[*] prescribe, distribute, dispense, administer, possess, have under his control, abandon, or transport a controlled substance except as expressly allowed by this article" (Public Health Law, § 3304[1]).
Significantly, this provision makes both sale and possession of controlled substances unlawful.** The Public Health Law establishes certain exemptions, including the following one for public officials:
 "1. The provisions of this article restricting the possession and control of controlled substances . . . shall not apply:
• • •
 (b) to public officers or their employees in the lawful performance of their official duties requiring possession or control of controlled substances . . . " (id., § 3305[1][b]; emphasis supplied]).
Thus, the Penal Law criminalizes the "unlawful" possession or sale of a controlled substance. It refers to the Public Health Law for the definition of unlawful activity. That law makes possession and sale of a controlled substance unlawful, but exempts public officers requiring possession or control in the lawful performance of their official duties. Thus, the sale of a controlled substance is not covered by the exemption and remains unlawful under the Public Health Law and the Penal Law.
Although the legislative history does not indicate the Legislature's intent in establishing the exemption, we believe one reason was to allow law enforcement officers to perform their official duties. Significantly, the Legislature only permitted possession or control of a controlled substance to facilitate law enforcement duties.
Section 35.05 of the Penal Law justifies otherwise unlawful conduct which "is performed by a public servant in the reasonable exercise of his official powers, duties or functions. . .". In our view, this provision does not justify a reverse sale. It is our view that the Legislature has, through the aforementioned provisions of the Penal Law and the Public Health Law, considered the flexibility required by law enforcement officials in enforcing the controlled substances law. The decision was made to allow possession and control of controlled substances but not their sale. Thus, the justification provision should not be construed to allow a reverse sale.
We conclude that the reverse sale law enforcement technique for enforcing the controlled substances laws is not authorized under New York law.
* The Penal Law defines controlled substances as being "any substance listed in . . . section thirty-three hundred six of the public health law" (Penal Law, § 220.00[5]).
* "Sell" is defined in the same way by both the Penal Law and the Public Health Law:
 "`Sell' means to sell, exchange, give or dispose of to another, or offer or agree to do the same" (Public Health Law, § 3302[32]; Penal Law, § 220.00[1]).
(See, People v Lipton, 54 N.Y.2d 340 [1981]; People v Cogle, 94 A.D.2d 158
[3d Dept, 1983]).
** Violation of section 3304 of the Public Health Law, in addition to forming the basis for criminal prosecution under Article 220 of the Penal Law, is punishable in and of itself. The Commissioner of Health has the authority to assess penalties of up to $1000 for violations of the Public Health Law (Public Health Law, §206[4][c]; see Feldman v Axelrod, 105 A.D.2d 900 [3d Dept, 1984]).