■ In the Matter of STEPHEN GORO, Appellant, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [679 NYS2d 635] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services dated December 15, 1995, which, after a hearing, found that the Nassau County Department of Social Services properly calculated the petitioner's eligibility for medical assistance pursuant to Social Services Law § 366 and 18 NYCRR part 360, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated June 30, 1997, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1990, the New York State Legislature amended Social Services Law § 366, *inter alia,* by eliminating court-ordered

support payments as an income exemption when assessing Medicaid eligibility and requiring that all income and resources not specified as exempt be applied toward the payment or partial payment of medical care (*see,* Social Service Law § 366 [2] [a] [7]). Accordingly, the New York State Department of Social Services correctly included the petitioner's court-ordered support payment in calculating his available income for Medicaid eligibility purposes, and its determination that the petitioner was required to contribute $2,850 to the cost of his medical care, effective April 1995, was not arbitrary, capricious, or an abuse of discretion (*see,* 300 *Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Himes v Shalala,* 999 F2d 684). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.