■ In the Matter of ANNA ZDZIEBKO, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [697 NYS2d 61] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated June 30, 1997, which, after a hearing, found the petitioner ineligible for public housing, the appeal is from an order of the Supreme Court, Kings County (Barasch, J.), dated April 28, 1998, which granted the petition to the extent of annulling the determination and remitting the matter to the respondents "to continue to process petitioner's original application".

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, without costs or disbursements, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner applied to the New York City Housing Author-

ity (hereinafter the Housing Authority) for public housing. At an interview to determine her eligibility to receive such benefits, the petitioner submitted information indicating the she and her daughter had a total annual income of $9,218. The petitioner denied receiving support from any other outside source. Based upon the fact that the petitioner's stated expenses were approximately $9,357 annually, the interviewer noted on the application that the petitioner's income was "unrealistic," meaning that when the reported income is below what is considered adequate for a particular family size, there is a suspicion or presumption of concealed income. The petitioner was given Form No. 070.129 which is a standard budget sheet used by the Housing Authority to verify income. The petitioner returned the form, but it did not resolve the problem of "unrealistic" income. Accordingly, the Housing Authority denied the petitioner's application. Prior to making its determination, the Housing Authority conducted a home visit of the petitioner's residence which revealed that only two people were living in the two-bedroom apartment. The peti- tioner requested an informal hearing and, at the hearing, stated that she had two boarders in the apartment who paid half the rent. The Hearing Examiner found that even with this new information, the petitioner's income was unrealistic. The Hearing Examiner agreed with the initial determination of in- eligibility and listed certain items of documentation which would be helpful for the petitioner to resolve her ineligibility on future applications.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Housing Authority's determination. The Supreme Court annulled the Housing Authority's determi- nation of ineligibility, concluding that it was an abuse of discre- tion because it disregarded the Housing Authority's statutory duty to verify the petitioner's income. We reverse.

Contrary to the Supreme Court's determination, there is no evidence in the record that the Housing Authority's determina- tion was arbitrary, capricious, or an abuse of discretion (see, *Matter of Goro v Nassau County Dept. of Social Servs.*, 254 AD2d 487). The Housing Authority took appropriate steps to verify the petitioner's income by conducting a home visit and providing the petitioner with the appropriate forms to support her income and expenses (see, *Washington v New York City Hous. Auth.*, US Dist Ct, SD NY, Sand, J., 82 Civ 1233). Ac- cordingly, the determination was rationally based and this Court will not substitute its judgment for that of the respon- dents (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222; *Mat-*

*ter of Feldman v Axelrod,* 105 AD2d 900). Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.